100 So.2d 644 (1958)
Virginia S. KINNEY, as Executrix of the Estate of George W. Kinney, Deceased, Appellant,
v.
Vera MOSHER, Julia V. Kinney, Earlyn Kinney Scott, Herman B. Kinney and Anna Louise Kinney Bundy, Appellees.
No. A-76.
District Court of Appeal of Florida. First District.
February 27, 1958.
Charles E. Booth, Daytona Beach, for appellant.
Massfeller & Stewart, Daytona Beach, for appellees.
*645 WIGGINTON, Judge.
This is an appeal from a declaratory decree entered by the Circuit Court of Volusia County.
Appellees, as plaintiffs at trial, brought suit against Virginia S. Kinney, executrix, the appellant here, for the purpose of determining their rights in a certain piece of property alleged to have been the homestead of their deceased father, George W. Kinney. The Chancellor adjudged the subject property, fee title to which was found in the deceased head of the family, to be homestead under Article X of the Constitution, F.S.A., thus descending to the surviving children subject to a life estate in the widow, Virginia S. Kinney. The latter, as widow and executrix of the decedent's estate, has taken this appeal.
The salient facts upon which our decision must rest are as follows: Virginia and George were married in 1944 and later moved to Florida. In 1945 they purchased a home in Daytona Beach taking title thereto by the entireties, which they operated as a boarding house. From the evidence it appears that possession was acquired upon their making a down payment, and the balance of the purchase price was paid from profits derived from the boarding house operation. While there is a conflict as to the extent to which each participated in this operation, it is clear that much was contributed by Virginia.
In April 1947, the two sold this property and used the proceeds therefrom to make the initial payment on another, larger place, title to which was likewise deeded to them by the entireties. This second home, which is the disputed property, was also operated as a boarding house in much the same manner as the first.
By deed dated November 1, 1947, George and Virginia conveyed the disputed property to Roy L. and Dorothy K. Kinney, George's brother and sister-in-law. There is some conflict as to whether Virginia entered upon this transaction willingly. She testified that there was no consideration given by the grantees for the transfer, and that she ultimately consented for the sole purpose of keeping peace in the family and to keep George from becoming emotionally upset, as she contended he was prone to do. Dorothy K. Kinney, one of the grantees, testified that Virginia appeared upset and disturbed immediately after she signed the deed; and that no consideration passed from the grantees to the grantors of the said deed.
Roy L. Kinney, a witness for plaintiffs, testified on cross-examination that, while he had no clear recollection of the above transaction to which he was a grantee, his brother, George, had purchased the disputed property with the aid of a temporary loan from him in the amount of $10,000. This loan was made with the understanding that George would repay the money immediately upon completion of negotiations then pending for the purpose of securing a long term loan on the property. Roy further testified that the conveyance of November 1, 1947, deeding the disputed property to him and his wife, was made for the purpose of securing the $10,000 loan. Dorothy Kinney verified her husband's testimony concerning this loan and the fact that it had been repaid in full.
The record shows that on November 17, 1947, Roy L. Kinney and his wife, Dorothy, reconveyed the disputed property to George W. Kinney, individually. Both deeds, dated November 1 and November 17, respectively, were recorded on November 19, 1947, some two minutes apart. Among other things, appellant, Virginia Kinney, has contended, both before the Chancellor and here, that the conveyance of November 1, 1947, was nothing more than an attempt to destroy her interest in the disputed property and that the conveyance was void for lack of consideration. She further contends that the conveyance, if valid, was at most a mortgage for the purpose of securing the $10,000 loan from Roy L. Kinney, and wife, to appellant's husband.
While there have been numerous errors assigned, we find it necessary to consider *646 only those challenging the Chancellor's holdings concerning the legal effect of the conveyance from appellant and the deceased to the latter's brother and his wife, and their reconveyance to the deceased. If these conveyances resulted in vesting title to the disputed property in the deceased, we are of the opinion that the evidence is sufficient to support the Chancellor's finding that the deceased was in fact the head of the family. Other assignments of error we find to be without merit.
We note at the outset that had the Chancellor found the evidence sufficient, and had he chosen to believe appellant's testimony concerning the lack of consideration and the consequent invalidity of the deed of November 1, 1947, by which appellant and the deceased conveyed the disputed property to the latter's brother and his wife, the result would necessarily have been contrary to that actually reached. Had that conveyance been void it would have been set aside, as would the conveyance of November 17, thereby vesting title in appellant as survivor under the deed by the entireties. Since this result was not reached we must necessarily presume the Chancellor found the conveyances to be valid and chose to accept the only affirmative evidence concerning their purpose. That evidence was to the effect that the first deed, dated November 1, 1947, was intended as affording security to Roy L. and Dorothy K. Kinney for money loaned by them to the deceased; and that the second deed, dated November 17, 1947, was for the purpose of returning the disputed property to appellant's husband upon repayment of the loan. We agree that this state of affairs more logically follows from a consideration of the evidence since appellant and the deceased could have accomplished a transfer to the latter in fee simple, without the necessity of an intervening third party. When uncontradicted testimony consists of facts, as distinguished from opinions, and is not illegal, improbable or unreasonable or contradictory within itself, it should not be wholly disregarded, but should be accepted as proof of the issue.[1]
We are, therefore, faced with the question as to whether, under such circumstances, the Chancellor properly conceived the legal effect of the conveyances referred to above.
Under the evidence which must be accepted by the Chancellor as representing the true facts, we are of the opinion that the deed of November 1, 1947, purporting to convey the disputed property to Roy L. Kinney and wife, in fee simple, was in fact, nothing more than a mortgage to secure the loan of $10,000 made by the grantees in the deed.[2] This being true, the reconveyance by Roy L. and Dorothy K. Kinney, after the loan was repaid, amounted in law to nothing more than a mortgage satisfaction. Such a reconveyance to the decedent alone, rather than to both decedent and appellant, could not operate to destroy the existing estate by the entireties by which the parties held title to the disputed property prior to the mortgage deed of November 1, 1947; nor could it vest fee simple title in the decedent individually and free from the vested interest held by his wife prior to the execution of the mortgage deed.
Property held by the entireties does not and cannot constitute a homestead under Article X, Section 4, of the Florida Constitution.[3] Title to property held by the entireties vests, by operation of law, in the surviving spouse upon the death of the co-owner, and, thus, is not *647 subject to descent under the constitutional or statutory provisions controlling descent of homestead property.
Therefore, it is apparent that the Chancellor misconceived the legal effect of the evidence in holding the disputed property to be the homestead of the deceased under Article X of our Constitution.
Accordingly, it is the holding of this Court that the decree appealed from must be and it is hereby reversed, and the cause remanded for the entry of a decree in accordance with the views herein expressed.
STURGIS, C.J., and FABISINSKI, L.L., A.J., concur.
NOTES
[1] Brannen v. State, 94 Fla. 656, 114 So. 429. See: Montgomery v. State, 55 Fla. 97, 45 So. 879; Pepper v. Pepper, Fla. 1953, 66 So.2d 280; Fenton v. Fenton, Fla.App., 100 So.2d 659.
[2] F.S. § 697.01, F.S.A. See: Marcus v. Hull, 142 Fla. 306, 195 So. 170; Cary & Co. v. Hyer, 91 Fla. 322, 107 So. 684.
[3] Regero v. Daugherty, Fla. 1953, 69 So.2d 178.