241 So.2d 738 (1970)
Robert G. RADABAUGH and Patricia Radabaugh, Appellants,
v.
Earl W. WARE and Glenda A. Ware, Appellees.
No. 70-474.
District Court of Appeal of Florida, Fourth District.
December 11, 1970.
Roger H. Harper, Boca Raton, for appellants.
Martin J.A. Yeager, of Harvey & Waddell, Lake Worth, for appellees.
CROSS, Chief Judge.
Appellants-plaintiffs, Robert G. Radabaugh and Patricia Radabaugh, appeal a final judgment entered in favor of the appellees-defendants, Earl W. Ware and Glenda A. Ware, in an action for damages for breach of a contract to convey real property. We affirm.
Appellants entered into a written deposit receipt contract with appellees to purchase real property which was the homestead of appellees. The contract was executed by all parties, but it did not contain the signatures of any witnesses to the execution. Subsequently appellees declined to convey the property. Appellants instituted suit for damages arising from breach of contract. The trial court determined that the alleged contract was invalid and would not support the action. Final judgment was entered for the appellees and this appeal followed.
Section 689.01, Florida Statutes 1967, F.S.A., provides in part:
"No estate or interest of freehold * * * shall be created, made, granted, *739 transferred or released in any other manner than by instrument in writing, signed in the presence of two subscribing witnesses * * *"
On its face the statute does not require that contracts to purchase be executed with the same formality as instruments of transfer. However, an action for specific performance will not lie unless the contract has been executed with the formalities required by F.S. Section 689.01, F.S.A. Petersen v. Brotman, Fla.App. 1958, 100 So.2d 821. To hold otherwise would be to effect the transfer of property by a decree of specific performance although the contract forming the basis of the transfer would have small resemblance to the formality with which it was intended that conveyances of real property should be accomplished. Zimmerman v. Diedrich, Fla. 1957, 97 So.2d 120.
In the case at bar, appellants concede that the contract is not specifically enforceable, but they contend that the contract is valid for all other purposes since it embodies an agreement between the parties supported by consideration.
A contract is a legal relationship creating obligations between two or more parties enforceable at law. Kislak v. Kreedian, Fla. 1957, 95 So.2d 510.
Under the deposit receipt contract here under consideration, appellees were under no legal duty to convey the homestead property which was the subject of the contract. The authorities cited above make it amply clear that an obligation does not arise unless and until the contract has been executed with the formalities required by F.S. Section 689.01, F.S.A. Therefore, without an enforceable legal obligation on the part of appellees, a valid contract could not exist and no recoverable damages were sustained.
Accordingly, the judgment is affirmed.
Affirmed.
McCAIN and OWEN, JJ., concur.