271 So.2d 762 (1972)
Marion Kay E. KOPLON, Petitioner,
v.
Stanley SMITH et al., Respondents.
No. 42628.
Supreme Court of Florida.
November 29, 1972.
Rehearing Denied February 7, 1973.
*763 Basil E. Dalack, Miami, for petitioner.
Philip A. Brooks, Miami Beach, for respondents.
DEKLE, Justice.
Petition for writ of certiorari asserts direct conflict of Radabaugh v. Ware, 241 So.2d 738 (Fla.App. 4th 1970), with the Third District's holding here at 264 So.2d 73 (Fla.App.3d 1972). Fla. Const. art. V, § 4(2), F.S.A.
The question involved is the requirement of two subscribing witnesses on a deposit receipt in order to obtain specific performance conveying title. Fla. Stat. § 689.01, F.S.A.
The specific performance was decreed after appellant-owner's failure to close. Testimony that the owner's invalid mother inhabited the home as the predicate for a homestead was found insufficient (as was also the testimony denying receipt of the deposit). The property therefore stands as non-homestead. This is the distinction in the cases cited for conflict. In Radabaugh the property was homestead, requiring the two witnesses; here where the property is non-homestead there is no requirement under the statute for subscribing witnesses as a predicate for specific performance. Zimmerman v. Diedrich, 97 So.2d 120 (Fla. 1957).
There is bare language in Radabaugh reciting the requirement of execution with the formalities of § 689.01 for specific performance which does not specifically mention in this isolated statement that it is limited to homestead property, citing Petersen v. Brotman, 100 So.2d 821 (Fla. App.2d 1958), which was an estate by entireties case. Radabaugh then proceeds, however, to hold correctly because it deals with homestead property as it states in the beginning of the opinion. The one sentence cannot be taken out of context to support the contention here for conflict which is not present and the petition for certiorari must accordingly be
Denied.
ROBERTS, C.J., and ERVIN, CARLTON and ADKINS, JJ., concur.