299 So.2d 58 (1974)
James R. SHEDD and Lorraine Shedd, His Wife, Appellants,
v.
Morris D. LUKE and Lavivian Luke, His Wife, Appellees.
No. T-477.
District Court of Appeal of Florida, First District.
August 29, 1974.
W.K. Lally, of Millar, Fallin & Lally, Jacksonville, for appellants.
Arthur T. Boone and Gordon H. Lee, Jacksonville, for appellees.
McCORD, Judge.
This is an appeal from a final judgment for appellees Morris D. Luke and Lavivian *59 Luke, his wife, (defendants below) and against appellants, James R. Shedd and Lorraine Shedd, his wife, (plaintiffs below).
The primary question is whether or not ejectment will lie under the factual situation of this case to oust appellees from real property they are occupying pursuant to an unwitnessed written contract by which appellants agreed to sell and the appellees to buy the property in question. The contract between the parties was entered into on October 16, 1972. It was dictated by appellant, James R. Shedd, to his daughter who wrote it down. It was then signed by appellants and appellee Morris D. Luke without witnesses. It set forth that appellants agreed to sell the five-acre parcel of land "with improvements plus mobile home to Morris D. Luke and Lavivian Luke, wife, for the sum of $9,500.00. Received $300.00 as binder to apply on down payment of $1,500.00. Balance to be mortgaged by James R. Shedd and Lavivian Shedd in the sum of $8,000.00. Payments to be made in the amount of $60.00 per month with interest rate of 7%."
Upon purchasing the property in September, 1972, appellants had placed a mobile home on it in which they had taken up their abode. They made the decision to sell the property very soon thereafter (about the first of October). When appellants entered into the contract with appellees on October 16, appellees gave appellants $300.00 of the $1,500.00 down payment and on November 11, 1972, paid the $1,200.00 balance. The next day, November 12, appellants gave possession to appellees and abandoned the property, moving to another home they had purchased about a week or ten days prior thereto. Thereafter, appellees began making the $60.00 per month payments on the property and are not in default on the payments. The mortgage called for in the contract was never executed because a dispute arose between the parties as to who was to pay an unpaid balance on the mobile home situated on the property. This action of ejectment was then brought by appellants contending that the contract between the parties is void for want of two subscribing witnesses to the contract, and appellants are entitled to possession of the property.
In Koplon v. Smith, Fla., 271 So.2d 762 (1972) the Supreme Court considered alleged conflict between the District Court of Appeal, Third District, decision there and Radabaugh v. Ware, Fla.App. (4th) 241 So.2d 738, and ruled there was no conflict because in Radabaugh the property was homestead which requires two witnesses for the sale thereof and in Koplon the property was not homestead; that when property is nonhomestead, there is no requirement under the statute (Section 689.01, Florida Statutes) for subscribing witnesses to a contract to sell it as a predicate for specific performance of such contract [citing Zimmerman v. Diedrich, Fla., 97 So.2d 120 (S.Ct. 1957)].
In the case sub judice it has not been questioned that the property was homestead property of the appellants at the time the contract was entered into. Appellants contend that because of this the contract is void and that life can not subsequently be breathed into a void contract. We disagree and find the contract voidable rather than void; that appellants, by their subsequent actions, ratified the contract at a time when the property was no longer their homestead; that an action of ejectment may not be successfully maintained at the instance of a vendor against his vendee who is in possession under an executory contract of purchase and who is not in default. South Florida Farms Co. v. Hall, 84 Fla. 233, 93 So. 687.
We have found no previous ejectment case dealing with the question presented here. Such question when raised has usually been raised in a suit for specific performance of the contract to sell, and in such cases, if the court finds the statute applicable and that there was a violation thereof, it declares the contract to be unenforceable. *60 It is settled law in Florida that specific performance will not lie to require conveyance of a homestead pursuant to a contract to sell such homestead to which there were no witnesses. However, we have not found from our examination of the cases cited to us on this proposition or from our independent research that any of them deal with a situation involving homestead such as that presented here. In none of them do we have a subsequent abandonment of the homestead followed by ratification of the previous contract by the seller by his acceptance of the payments made pursuant to the terms of the contract. A somewhat similar situation existed in Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (1946). Homestead property was not involved but the law at the time it was decided was construed to require two witnesses to a contract for sale of non-homestead property. There the court said:
"It is plain from the record that except for the formality of procuring subscribing witnesses to the written contract by which Michael Kozacik agreed to sell his joint interest in the hotel property to Michael E. Kaye, the contract was in all respects regular, definite, and certain. Michael E. Kozacik acted upon the contract by putting Kaye into possession and recognizing him as his vendee. Michael E. Kaye acted upon it by accepting possession from Kozacik as vendor and by making the down payment, paying the monthly installments, and keeping the payments on the mortgage indebtedness current. John Kozacik has profited from the agreement by receiving and retaining additional rentals. Therefore, in equity Michael E. Kaye is regarded as the beneficial owner and will be entitled to deed upon full performance of the contract."
In Kozacik the Supreme Court obviously did not consider the contract to sell void but considered it only voidable.
Appellants also contend that the court erred in denying certain motions made by them during the course of the proceedings. We have considered these contentions and find them to be without merit.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.