342 So.2d 839 (1977)
The WICKES CORPORATION, d/b/a Wickes Homes, a Delaware Corporation, Appellant,
v.
Ray Robert MOXLEY and Patricia B. Moxley, Husband and Wife, Appellees.
No. 76-532.
District Court of Appeal of Florida, Second District.
February 16, 1977.
Rehearing Denied March 16, 1977.
Stephen E. Tanner, Venice, and W. Eugene Williams, Jr., Venice, for appellant.
Andrew J. Britton, of Korp, Wheeler & McGill, P.A., Venice, for appellees.
GRIMES, Judge.
This appeal turns on the question of whether there is any longer a requirement under the new Constitution for a mortgage of homestead realty to be signed in the presence of two attesting witnesses.
Appellant (Wickes) is the manufacturer of mobile homes. Appellee (Moxley) was the principal in a dealership selling mobile homes manufactured by Wickes. In 1974 Moxley sold several mobile homes but failed to pay Wickes for the monies owing on these units. In an effort to straighten out the problem, Moxley and his wife signed a promissory note for the indebtedness and gave Wickes a second mortgage on their home to secure the indebtedness. The note subsequently went into default, and Wickes foreclosed.
*840 At the trial it was developed that the mortgage, even though facially appearing to be properly attested, was not actually signed in the presence of two witnesses. The court declared the mortgage invalid on this basis but entered a summary judgment for Wickes on the note.
The record supports the court's finding that the mortgage was not properly witnessed. Likewise, there is enough evidence that Wickes knew or should have known of this to sustain the court's rejection of Wickes' claim of estoppel. Cf. Cox v. La Pota, 76 So.2d 662 (Fla. 1954). While the home was owned as a tenancy by the entirety, the parties agreed that it occupied the status of a homestead for purposes of the foreclosure proceedings. See Oates v. New York Life Ins. Co., 113 Fla. 678, 152 So. 671 (1934). Therefore, the effect of the absence of two attesting witnesses is squarely presented.
There is no statute in Florida specifying that a mortgage must be signed in the presence of two witnesses, and our Supreme Court has held that there is no common law requirement for a mortgage of non-homestead property to be witnessed. Teate v. Anderson, 122 Fla. 81, 164 So. 849 (1935). However, long prior to the adoption of our 1968 Constitution, a mortgage of homestead property was deemed invalid unless it was executed in the presence of two attesting witnesses. McEwen v. Schenck, 108 Fla. 119, 146 So. 839 (1933); Hutchinson v. Stone, 79 Fla. 157, 84 So. 151 (1920). The rationale for these decisions was predicated upon a construction of Article X, Section 4 of the old Constitution which read:
"Section 4. Homestead may be alienated by husband and wife.  Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."
Our Supreme Court in Hutchinson v. Stone, supra, construed this language to mean:
"A deed or mortgage, to be `duly executed * * * by husband and wife,' must be executed as required by the statutes, that is, signed, sealed, and delivered by each of them, attested by two witnesses as to each signature, and as to the wife a statutory `acknowledgment' is a part of the due execution of a deed or mortgage. This acknowledgment must be `before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements.' Section 2462, Gen.Stats. 1906."
The requirement of a separate acknowledgment by the wife was later dropped when the applicable statute was repealed. While statutory law required only deeds and not mortgages to be witnessed, the courts construed the words "duly executed" as contained in Article X, Section 4 to mean that a mortgage of a homestead must be executed with the same statutory formalities required of a deed. Hence, the requirement for two witnesses on a homestead mortgage was carried forward into later cases. Perry v. Beckerman, 97 So.2d 860 (Fla. 1957); Hamilton v. Corcoran, 177 So.2d 64 (Fla.2d DCA 1965); Lieberman v. Burley, 100 So.2d 88 (Fla.2d DCA 1958).
The new constitutional provision on the subject is Article X, Section 4(c) which reads:
"(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, *841 the method of alienation or encumbrance shall be as provided by law."
Thus, the language of the new provision has been rephrased in the form of an authorization to alienate the homestead rather than as an exception to a restriction against alienation, and the words "duly executed" have been omitted.
Our court almost decided this question in Reliable Finance Company v. Axon, 336 So.2d 1271 (Fla.2d DCA 1976), but concluded that it was unnecessary to do so because the record did not support the conclusion that the property in issue was homestead. However, we said at that time:
"At common law, attestation of a mortgage was not necessary and no Florida statute now requires it. True it is, that prior to the [1972[1] amendment to] the Florida Constitution relating to homesteads, case law required two witnesses on a mortgage against a homestead for the reason that under the prior constitutional provisions a homestead could only be mortgaged by a `duly executed' instrument; and the courts uniformly held that `duly executed ' under these provisions meant that such a mortgage had to be executed with the formality of a deed as required by § 689.01 of our statutes which, going back to 1891, required the presence of two subscribing witnesses. The [1972[1] amendment to] the Constitution, viz. Art. X, § 4(c), however, omits the `duly executed' requirement and simply provides: `The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift. * * *' We have serious doubts, therefore, whether the cases prior thereto which require two witnesses to the `duly executed' mortgage of a homestead have continuing viability."
We now take the step suggested in Reliable Finance Company v. Axon, supra, and hold that two witnesses are no longer required to the execution of a mortgage on homestead property. In so doing we recognize that certain recent cases which hold that an unwitnessed contract to sell homestead real estate cannot be enforced lend some support to the contention that the old rule is still viable with respect to mortgages. Koplon v. Smith, 271 So.2d 762 (Fla. 1972); Carroll v. Dougherty, 302 So.2d 439 (Fla.2d DCA 1974); Shedd v. Luke, 299 So.2d 58 (Fla.1st DCA 1974); Radabaugh v. Ware, 241 So.2d 738 (Fla.4th DCA 1970). Thus, it may be argued that since an unwitnessed contract to sell non-homestead real estate may be specifically enforced,[2] the courts in requiring two witnesses to a contract to sell homestead realty are continuing to read Article X, Section 4 as requiring two witnesses for the validity of the instruments specified therein. However, we believe these decisions are not controlling because (1) they were not passing on the effect of the deletion of the words "duly executed" from Article X, Section 4 of the new Constitution; (2) they were dealing with contracts to sell real estate rather than mortgages and there remains on the books a statute which requires two witnesses to a deed;[3] and (3) in the only Supreme Court case on the subject,[4] the court simply upheld the ruling in Radabaugh v. Ware, and while not clear from the Radabaugh opinion, that mortgage appears to have been executed before the effective date of the new Constitution.
There are policy considerations on both sides of the issue. Certainly, the execution of a mortgage may lead to a forced sale upon default, and the requirement of two witnesses can have the effect of adding *842 solemnity to the execution of a mortgage and provides the theoretical possibility of attendant advice by the witnesses upon its effect. On the other hand, there is probably less reverence for a specific parcel of land as being one's homestead in today's transient society, and if it be otherwise shown that the mortgage was actually signed and the consideration given, the lack of witnesses may have the practical effect of the lender being unable to get his money back. Be that as it may, we believe that the omission of the words "duly executed" in the new Constitution must be given effect to the extent that the court engrafted requirement of two witnesses on a homestead mortgage must give way. The legislature may always pass a law to reinstitute this requirement.
REVERSED.
BOARDMAN, C.J., and OTT, J., concur.
NOTES
[1] The new language of Article X, Section 4(c) which is pertinent to our discussion was adopted as part of the 1968 Constitution which became effective on January 7, 1969. Therefore, our reference to the 1972 amendment was inadvertent because that amendment only changed other language in the subsection.
[2] Dolan v. Wright, 289 So.2d 777 (Fla.4th DCA 1974).
[3] § 689.01, Fla. Stat. (1975).
[4] Koplon v. Smith, supra.