356 So.2d 785 (1978)
Ray Robert MOXLEY et Ux., Appellants,
v.
The WICKES CORPORATION, Etc., Appellee.
No. 51277.
Supreme Court of Florida.
January 26, 1978.
Rehearing Denied April 17, 1978.
Andrew J. Britton of Korp, Wheeler & McGill, Venice, for appellants.
Stephen E. Tanner of the Law Offices of W. Eugene Williams, Jr., Venice, for appellee.
KARL, Justice.
This cause is before us on direct appeal to review the decision of the District Court of Appeal, Second District, in The Wickes Corp. v. Moxley, et al., 342 So.2d 839 (Fla.2d DCA 1977), which construes a provision of the state constitution, thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution.
The sole question involved in the instant cause is whether there is no longer a requirement under the Constitution of Florida that a mortgage of homestead realty be signed in the presence of two attesting witnesses. The District Court, construing Article X, Section 4(c), Florida Constitution (1968), held that such requirement no longer existed.
Appellant, Ray Moxley, was a mobile home dealer who sold mobile homes manufactured by appellee, The Wickes Corporation. Appellant sold several mobile homes in 1974 but failed to pay appellee for the monies owing on these units. To resolve their financial difficulty, appellant and his wife executed a promissory note for the indebtedness and gave appellee a second mortgage, which was not signed in the presence of two witnesses, on their home to secure the indebtedness. Subsequently, the note went into default, and appellee foreclosed. The parties agreed that the property had homestead status for purpose of the foreclosure proceedings although the home was owned by appellants as tenants by the entirety.[1] The trial court declared the mortgage invalid because it was not actually *786 signed in the presence of two witnesses but entered summary judgment for appellee on the note.
On appeal to the District Court of Appeal, appellee argued that under the new constitution, there is no longer any requirement that a mortgage of homestead realty be signed in the presence of two attesting witnesses. The District Court agreed with appellee and reversed the trial court. The District Court explained that there is no statute in Florida which specifies that a mortgage be signed in the presence of two witnesses, and there is no common law requirement that a mortgage of non-homestead property be witnessed. The court, however, recognized that the words "duly executed" found in Article X, Section 4, of the old Constitution had been interpreted to mean that two attesting witnesses were required on a homestead mortgage just as in executing a deed. Observing that the language of the new provision has been rephrased as an authorization to alienate homestead rather than an exception to a restriction against alienation and that the words "duly executed" have been omitted, the District Court concluded:
"... [W]e believe that the omission of the words `duly executed' in the new Constitution must be given effect to the extent that the court engrafted requirements of two witnesses on a homestead mortgage must give way. The legislature may always pass a law to reinstitute this requirement."
We agree with the decision of the District Court and adopt it as the opinion of this Court.
Accordingly, the decision of the District Court is affirmed.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.
NOTES
[1] Property owned as a tenancy by the entireties can acquire homestead status for purposes of exemption from taxation. Art. VII, § 6(a), Fla. Const. Although not expressly provided for in the Constitution or statutes, it appears that such property can qualify for the homestead exemption from forced sale and levy authorized by Art. X, § 4(a)(1), Fla. Const. § 222.19, Fla. Stat. (Supp. 1976), provides that the "head-of-family status" required for the forced sale and levy exemption "... shall inure to the benefit of the surviving tenant by the entirety... ." (Emphasis supplied.) However, homestead property for purposes of descent and distribution does not include property owned by the decedent and the surviving spouse as tenants by the entireties. This prohibition is found not only in the express language of § 732.401(2), Fla. Stat. (1975), but also by virtue of the wording of Art. X, § 4(c), Fla. Const.

Kinney v. Mosher, 100 So.2d 644 (Fla. 1st DCA 1958), is sometimes cited for the proposition that property owned as a tenancy by the entirety can never acquire any of the rights accorded homestead property. A study of Kinney, supra, reveals that by its own facts, it is limited to discussions of whether property held as a tenancy by the entirety is homestead for purposes of descent and distribution.