460 So.2d 993 (1984)
Morton ROSENTHAL and Helen Rosenthal, His Wife, F/K/a Helen Cuden, Appellants,
v.
FINGER AND MARGOLIS, P.A., As Trustee, George Margolis and Hortense Margolis, His Wife, Appellees.
No. 84-990.
District Court of Appeal of Florida, Fourth District.
December 19, 1984.
Rehearing Denied January 10, 1985.
Curtis G. Levine of Levine, Schwartz, Gold & Cohen, P.A., Boca Raton, for appellants.
Donald S. Hershman of Donald S. Hershman, P.A., Boca Raton, for appellees.
HERSEY, Judge.
This appeal from a summary judgment determining liability (but not the amount of damages) arises from a contract for the purchase and sale of homestead real property. Two issues, one procedural and one substantive, merit consideration.
Appellants, Rosenthal, executed a purchase and sale agreement as buyers on June 15, 1983. That agreement required acceptance by the sellers, Appellees, George and Hortense Margolis, on the same day. The contract was signed on June 15, 1983, on behalf of the sellers, by "George Margolis and Hortense Margolis by Christopher E. Finger, as attorney, and agent for sellers." The transaction failed to close as scheduled, the buyers being unable or unwilling to take title and pay the balance of the purchase price. Instead, they instituted suit for return of their earnest money deposit, eventually resulting in the partial summary judgment appealed.
Appellants resist summary judgment based upon the existence of a genuine material issue of fact: the existence vel non on June 15, 1983, of a written power of attorney authorizing Finger to execute a purchase and sale agreement for the conveyance of the Margolis' homestead. The underlying legal theory is that the contract lacked mutuality if Finger had no authority to sign as and for sellers before expiration of the offer at midnight on June 15, 1983. The lack of mutuality theory is valid but *994 there is simply no basis for its application here. A properly executed power of attorney dated prior to June 15, 1983, is in evidence. Appellants now allege it to have been a recent fabrication. The question is whether its validity was placed in issue by the pleadings. Appellants' position is that validity of the power of attorney (that is, its existence on the crucial date as opposed to its having been executed later and backdated) is raised by implication in an allegation that appellants' demand for a copy of the written contract in December of 1983 was met with refusal. The implication is that refusal to furnish a copy is probative of the assertion that it was nonexistent. Accepting, arguendo, the logic of the position that refusal to furnish a copy of a document may be evidence that it does not exist, the argument is still unavailing. What was demanded was a copy of the contract, not the power of attorney. There exists no legal requirement that the power of attorney or a copy of it be attached to the contract. See Tatum Land Co. v. Marjohn Realty Co., 92 Fla. 534, 109 So. 813 (1926) (the authority of an agent to bind his principal to convey real estate need not be in writing).
The case relied on by appellants, Meekins-Bamman Pre-stress, Inc. v. Better Construction, Inc., 408 So.2d 1071 (Fla. 3d DCA 1982), involved a contract for the sale of goods which was specifically conditioned upon "approval by an officer of Meekins-Bamman... ." Id. at 1072. Because the contract so stated, the signature of a non-officer representative was held insufficient. The court thus rejected an argument based on apparent authority. Meekins-Bamman cannot be construed to hold, as appellants contend it does, that "an agent's signature, absent an attached power of attorney, is not enough to make the contract binding on theory of apparent authority." For this reason, demand for a copy of the contract does not constitute a demand for a copy of the power of attorney. Therefore, the implication relied upon by appellants never arose. Validity (or timely existence) of the power of attorney was never put in issue in the trial court; it may not now be characterized as a genuine material issue of fact precluding summary judgment.
Appellants contend that a contract to purchase and sell homestead real property must be signed in the presence of two witnesses to be enforceable. The contract here was without witnesses' signatures. We hold that there is at present no such requirement.
In Zimmerman v. Diedrich, 97 So.2d 120 (Fla. 1957), the supreme court held "that agreements to convey homestead property must, to be specifically enforceable, be signed in the presence of two witnesses as required by Section 689.01... ." Id. at 124. This court followed the above rule in Radabaugh v. Ware, 241 So.2d 738 (Fla. 4th DCA 1970), relied on by appellant, which was upheld by the supreme court in Koplon v. Smith, 271 So.2d 762 (Fla. 1972).
The Zimmerman court explained that in formulating the rule it was relying on precedent which cited only section 689.01, (requiring two subscribing witnesses to deeds to the transfer of real estate), see Cox v. La Pota, 76 So.2d 662 (Fla. 1954), although "it is plain from a study of expressions of this court on the subject ... that the controlling law was ... [Sec.] 4 of Article X of the Constitution, F.S.A." Zimmerman, 97 So.2d at 122-123. The court explained further:
It is true that in that section no mention is made of contracts to sell, but only of deeds and mortgages. We apprehend that the writers of the opinions had in mind that if the execution of contracts to sell homesteads were not so formalized, the transfer of homestead property, sacrosanct as it is, could be eventually effected by decree of specific performance, although the contract forming the basis of such a transfer would have small resemblance to the formality with which it was intended that conveyances of homesteads should be accomplished.
Id. at 123-124.
The second district, in two recent cases, has held that there is no longer a requirement that either a mortgage of homestead *995 realty, Wickes Corp. v. Moxley, 342 So.2d 839 (Fla. 2d DCA 1977), aff'd, 356 So.2d 785 (Fla. 1978), or a contract to sell homestead property, Carroll v. Dougherty, 355 So.2d 843 (Fla. 2d DCA 1978), be executed in the presence of two subscribing witnesses. In Moxley v. Wickes Corp., the supreme court stated (affirming the second district):
On appeal to the District Court of Appeal, appellee argued that under the new constitution, there is no longer any requirement that a mortgage of homestead realty be signed in the presence of two attesting witnesses. The District Court agreed with appellee and reversed the trial court. The District Court explained that there is no statute in Florida which specifies that a mortgage be signed in the presence of two witnesses, and there is no common law requirement that a mortgage of non-homestead property be witnessed. The court, however, recognized that the words "duly executed" found in Article X, Section 4, of the old Constitution had been interpreted to mean that two attesting witnesses were required on a homestead mortgage just as in executing a deed. Observing that the language of the new provision has been rephrased as an authorization to alienate homestead rather than an exception to a restriction against alienation and that the words "duly executed" have been omitted, the District Court concluded:
"... [W]e believe that the omission of the words `duly executed' in the new Constitution must be given effect to the extent that the court engrafted requirements of two witnesses on a homestead mortgage must give way. The legislature may always pass a law to reinstitute this requirement."
356 So.2d at 786. The execution of a contract to sell real property is similarly ungoverned by statute, although "one can become legally bound to execute a deed by virtue of having signed the contract." Carroll, 355 So.2d at 844. Carroll further explains:
Since there is nothing in Section 689.01 to differentiate homestead realty, the requirement for witnesses on a contract to convey homestead had to come from another source. A study of the evolution of this requirement demonstrates that it was grounded upon the "duly executed" provision of the old constitution relating to homesteads and that Section 689.01 was only pertinent for the purpose of determining what these words meant. Zimmerman v. Diedrich, supra; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151 (1920). Thus, by virtue of the deletion of the words "duly executed" from the new constitution, we are drawn to the inescapable conclusion that contracts to convey homestead realty fall into the same category as contracts to convey any other kind of real estate.
Id. at 844-845 (footnote omitted). The court distinguished Koplon v. Smith, 271 So.2d 762 (Fla. 1972) (upholding Radabaugh), since Koplon did not address the effect of the deletion of the words "duly executed" from the old constitution. The second district's opinion in Wickes Corp. v. Moxley had similarly distinguished conflicting cases, including Radabaugh, stating:
[C]ertain recent cases which hold that an unwitnessed contract to sell homestead real estate cannot be enforced lend some support to the contention that the old rule is still viable with respect to mortgages. Koplon v. Smith, 271 So.2d 762 (Fla. 1972); Carroll v. Dougherty, 302 So.2d 439 (Fla. 2d DCA 1974); Shedd v. Luke, 299 So.2d 58 (Fla. 1st DCA 1974); Radabaugh v. Ware, 241 So.2d 738 (Fla. 4th DCA 1970). Thus, it may be argued that since an unwitnessed contract to sell non-homestead real estate may be specifically enforced, the courts in requiring two witnesses to a contract to sell homestead realty are continuing to read Article X, Section 4 as requiring two witnesses for the validity of the instruments specified therein. However, we believe these decisions are not controlling because (1) they were not passing on the effect of the deletion of the words "duly executed" from Article X, Section 4 of the new Constitution; (2) they were dealing *996 with contracts to sell real estate rather than mortgages and there remains on the books a statute which requires two witnesses to a deed; and (3) in the only Supreme Court case on the subject, the court simply upheld the ruling in Radabaugh v. Ware, and while not clear from the Radabaugh opinion, that mortgage appears to have been executed before the effective date of the new Constitution.
342 So.2d at 841 (footnotes omitted). The Carroll court declined as legislative prerogative to undertake to interpret Section 689.01 "to require two witnesses on a contract to convey homestead realty when the same statute has always been construed as not requiring two witnesses on a contract to convey non-homestead realty." 355 So.2d at 845. See also: Maines and Maines, Our Legal Chameleon Revisited: Florida's Homestead Exemption, 30 U.Fla.L.Rev. 227 at 266-267 (1978). We agree with the Carroll court.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.