BENTON, J.
Ruth Clemons, the widow of W.C. Clemons, Jr., and her grandson, Lloyd Gilpin, Jr., appeal part of a summary judgment in favor of Joyce M. Thornton, a daughter of the late Mr. Clemons and his first wife, who is also deceased. At issue is whether a deed Mr. Clemons executed on February 23, 1993, after his marriage to Ruth, succeeded in conveying a remainder interest in the homestead he occupied with Ruth at the time. We reverse the summary judgment insofar as it declares the purported grant of the remainder interest effective, and remand for further proceedings.
The preprinted form warranty deed Mr. Clemons executed described the homestead property and named himself and “Ruth Clemons his wife” as grantees. But the deed contained a typewritten provision immediately following the property description, entitled “Addition to This Instrument,” which stated:
The parties of the second part, W.C. Clemons Jr. and Ruth Clemons Witness that the death of the last surviving party of the second part [sic] shall be cause to convey and confirm and assign forever all that certain parcel of land described above to Joyce M. Thornton.
Mr. Clemons died intestate some seven years later, survived by his widow and lineal descendants, including Joyce M. Thornton. By deed dated January 6, 2004, Mrs. Clemons purported to convey the property to herself and Lloyd Gilpin, Jr., her grandson. Ms. Thornton then sued for declaratory and other relief.
In the summary judgment under review, the trial court found that Mr. Clemons intended the deed to convey a life estate to himself and his wife, as tenants by the entireties, with, upon the death of the survivor of them, the remainder over to Joyce M. Thornton. This construction takes into account the language of the deed as a whole, and is the only plausible reading of the instrument considered in its entirety. See Bronstein v. Bronstein, 83 So.2d 699, 701 (Fla.1955) (“[I]f a contrary intention does appear in the deed then the fee simple character of the title conveyed is limited and controlled by the expressed contrary intention of the grantor.”); Sanderson v. Sanderson, 70 So.2d 364, 366 (Fla.1954) (holding that in construing an instrument, “any apparently conflicting expressions should be reconciled, if possible, so as to give full effect to all provisions contained in the instrument”); Loveland v. CSX Transp., Inc., 622 So.2d 1120, 1121 (Fla. 3d DCA 1993) (holding that, if there is only one construction that will permit all parts of the deed to be given effect, it should be followed). We perceive no basis on which to disturb the learned trial judge’s construction of the deed as reflecting that “Mr. Clemons ... intended to convey to himself and Mrs. Clemons a life estate in the property, and intended to convey to [Ms. Thornton] the vested remainder upon the death of the survivor of Mr. and Mrs. Clemons.”
Mr. Clemons’s grant of a life estate to himself and Mrs. Clemons as tenants by the entireties was a valid conveyance. See Matthews v. McCain, 125 Fla. 840, 170 So. 323, 325 (1936) (holding husband and wife may hold life estates as tenants by the entireties). Like the provision on the books today, section 689.11, Florida Statutes (1993), allowed conveyances of real property, including homestead property, between spouses, and did not require the grantee spouse to join in such conveyances. The summary judgment correctly confirms the existence of a life estate in Ruth Clemons, widow of her erstwhile co-tenant by the entireties.
*1056 But Mr. Clemons’s attempt to convey the remainder interest to Joyce M. Thornton was ineffective without Mrs. Clemons’s joinder. Florida’s Constitution requires that both spouses join in alienating homestead property in favor of any third party. See Art. X, § 4(c), Fla. Const. Interpreting the constitutional provision, our supreme court has noted that “it is clear that both [spouses] must join in a conveyance of a homestead owned by one spouse to a third party.” Jameson v. Jameson, 387 So.2d 351, 353 (Fla.1980) (quoting Note, Our Legal Chameleon is a Sacred Cow: Alienation of Homestead under the 1968 Constitution, 24 U. Fla. L.Rev. 701, 705-07 (1972)). A purported transfer of the homestead, not in compliance with constitutional requirements, is void. See Robbins v. Robbins, 360 So.2d 10, 11-12 (Fla. 2d DCA 1978), appeal dismissed, 365 So.2d 714 (Fla.1978); Gotshall v. Taylor, 196 So.2d 479, 481 (Fla. 4th DCA 1967), cert. denied, 201 So.2d 558 (Fla.1967). Mr. Clemons’s attempt to convey the remainder interest in the homestead to Ms. Thornton by the deed he executed on February 23, 1993, did not succeed, because Mrs. Clemons did not sign the deed.
The fate of the intended grant of the remainder interest has no bearing on the validity of the grant of the life estate. See generally W.W. Allen, Annotation, Pri- or estate as affected by remainder void for remoteness, 168 A.L.R. 321, 322 (1947) (“[Provisions of a ... deed, valid in themselves, are as matter of course to be given effect notwithstanding the invalidity of other provisions, unless ... to permit the valid to take effect without the invalid would produce results presumably objectionable to ... [the] grantor.”); see also Leffler v. Leffler, 151 Fla. 455, 10 So.2d 799, 804 (1942) (en banc) (“Where the will provides for successive estates the invalidity of one may not affect the others as for example, the invalidity of a trust in remainder may not affect the validity of a trust for the life tenant ....”) (quoting Schouler on Wills, Executors and Administrators, Vol. 2, 6th ed., par. 902, pp. 1039-41).
Mr. Clemons retained the remainder interest as his sole property, because the deed was ineffective to convey it. When the fee owner of homestead dies intestate “survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent’s death.” § 732.401(1), Fla. Stat. (2000). The failure of Mr. Clemons’s attempt to convey the remainder interest to Ms. Thornton redounded to the benefit, not of Mrs. Clemons, but of Mr. Clemons’s lineal descendants, including Ms. Thornton. Only if Ms. Thornton (and her descendants, if any, see § 732.104, Fla. Stat. (2000) (“Descent shall be per stirpes .... ”)) had been Mr. Clemons’s sole survivor(s), would the summary judgment be affirmable in toto — and she has pleaded the existence of other survivors. Upon his death, the remainder vested in his lineal descendants, per stirpes, pursuant to sections 732.104 and 732.401(1), Florida Statutes (2000).
Accordingly, we reverse the summary judgment insofar as it gives effect to the attempted conveyance of the remainder interest to Joyce M. Thornton by deed, and remand for a determination of Mr. Clemons’s descendants in being at the time of his death, and for the grant of declaratory relief that takes their interest in the homestead property into account.
Reversed and remanded for further proceedings consistent with this opinion.
WEBSTER and POLSTON, JJ., concur.