# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-1437 & 3D15-2330
Lower Tribunal No. 14-19986

_____


**Ali A. Mirzataheri, et al.,**
Appellants/Respondents,


vs.


**FM East Developers, LLC, etc.,**
Appellee/Petitioner.


#3D15-1437 An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

#3D15-2330 A Writ of Certiorari to the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Rex E. Russo, for appellants/respondents.

Gonzalez Lage, P.A., and Candice Balmori and Ricardo A. Gonzalez, for appellee/petitioner.

Carlton Fields Jorden Burt, P.A., and Matthew J. Conigliaro (Tampa), for Amicus Curiae Florida Association of Realtors, Inc. d/b/a Florida Realtors.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

Ali A. Mirzataheri and Soledad N. Mirzataheri ("the homeowners") appeal the trial court's denial of their emergency motion to discharge a lis pendens filed against their homestead property by FM East Developers, LLC ("FM"). FM has also petitioned this Court seeking quashal of the trial court's non-final order granting the homeowners' motion for summary judgment as to FM's claim for specific performance of the contract executed by the homeowners for the sale of their homestead property to FM. This Court has consolidated the homeowners' appeal and FM's petition for writ of certiorari, and because FM's petition is dispositive of the homeowners' appeal, we address the petition first.

**The Underlying Facts**

The homeowners and FM entered into a contract wherein the homeowners agreed to sell and FM agreed to purchase the homeowners' homestead property. FM paid the required deposit, completed its inspections of the property, and advised the homeowners that it was ready, willing, and able to close at the scheduled closing. However, at the closing, the homeowners refused to close. Thereafter, FM filed suit against the homeowners, seeking specific performance of the contract in Count I and monetary damages as a result of the homeowners' breach of the contract in Count II. In addition to filing its complaint, FM also filed a lis pendens against the property.

After answering the complaint, the homeowners filed a motion for summary judgment as to FM's claim for specific performance and thereafter filed an emergency motion to discharge the lis pendens, or in the alternative, to require FM to post a bond. The trial court first ruled on and denied the emergency motion to discharge the lis pendens, and thereafter, the trial court granted the homeowners' motion for summary judgment as to FM's claim for specific performance.

In these appellate proceedings, the parties agree that this Court's determination as to the trial court's ruling precluding FM from proceeding on its claim for specific performance is dispositive of whether the lis pendens must be removed from the property because without a sustainable action for specific performance, the lis pendens must be discharged. See Blue Star Palms, LLC v. LED Trust, LLC, 128 So. 3d 36, 38 (Fla. 3d DCA 2012) (holding that "[a] complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens") (quoting Lake Placid Holding Co. v. Paparone, 414 So. 2d 564, 566 (Fla. 2d DCA 1982)).

## Analysis

The homeowners contend that Article X, Section 4 of the Florida Constitution precludes specific performance of a valid agreement for the sale of homestead property, except for limited exceptions not applicable here. Article X, Section 4, provides, in pertinent part, as follows:

3

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
     (1) a homestead . . . .
 . . . .
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse.

Art. X, § 4(a)(1), (c), Fla. Const.

The homeowners contend that the above homestead exemption protects them from a forced sale of their homestead, and therefore, the trial court properly granted their motion for summary judgment as to FM's claim for specific performance. The homeowners are, however, incorrect, and the trial court's order constitutes a clear departure from the essential requirements of law, resulting in material injury that cannot be remedied on direct appeal. See Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 406 (Fla. 2013) (providing that a jurisdictional requirement of certiorari review is that the order to be reviewed must give rise to material injury that cannot be remedied on plenary appeal); Sorena v. Gerald J. Tobin, P.A., 47 So. 3d 875, 877 (Fla. 3d DCA 2010); see also Bermont Lakes, LLC v. Rooney, 980 So. 2d 580, 586 (Fla. 2d DCA 2008) (concluding that a partial summary judgment eliminating a plaintiff's claim for specific performance of a

4

land sale contract permits the landowner to freely dispose of the land prior to appellate review, thereby potentially leaving the plaintiff with no adequate remedy on appeal because, due to the uniqueness of all land, monetary damages are an inadequate remedy). We, therefore, grant the petition and quash the order on review.

Florida law has long recognized the use of specific performance to enforce contracts for the sale of homestead property. See Koplon v. Smith, 271 So. 2d 762, 763 (Fla. 1972) (explaining that while two witnesses are required to obtain specific performance of a contract to sell a homestead, there is no similar requirement to specifically perform a contract to sell nonhomestead property); Scott v. Hotel Martinique, 48 So. 2d 160, 161 (Fla. 1950) (holding that "a contract for the sale of homestead property may be specifically enforced if the contract has been jointly executed by the husband and wife in the presence of two subscribing witnesses"); Westerberg v. Nininger, 6 So. 2d 378, 379-80 (Fla. 1942) (affirming a trial court's grant of specific performance of a homestead property); Shedd v. Luke, 299 So. 2d 58, 59-60 (Fla. 1st DCA 1974) (stating that it is settled law in Florida that two witnesses are required to obtain specific performance of a homestead); Bowers v. Medina, 418 So. 2d 1068, 1069 (Fla. 3d DCA 1982) (affirming judgment ordering specific performance of a contract to sell residential home); Carrol v. Dougherty, 355 So. 2d 843, 843-46 (Fla. 2d DCA 1978) (affirming summary judgment granted

5

in favor of the purchasers who brought suit for specific performance of a contract for sale of sellers' homestead, and holding "that contracts to convey homestead realty fall into the same category as contracts to convey any other kind of real estate").

Despite these cases and Florida's long history recognizing specific performance as a viable remedy to enforce a contract to sell homestead property, the homeowners contend that this Court's opinion in Taylor v. Maness, 941 So. 2d 559 (Fla. 3d DCA 2006), which was relied on by the trial court, prohibits specific performance of contracts to sell homestead property. However, nowhere in Taylor do we suggest that specific performance is unavailable to enforce a properly executed contract based on the homestead status of the property. In Taylor, specific performance was unavailable because the subject property was both Mr. and Mrs. Maness' homestead, **but only** Mr. Maness signed the contract to sell the property. Taylor, 941 So. 2d at 563-64. Because Mrs. Maness did not sign the contract, this Court concluded that the contract was not capable of being specifically performed. Id. at 564. To allow for the specific performance of the contract in that case would have run afoul of Article X, Section 4(c), which requires both spouses to consent to the alienation of homestead property owned by one of the spouses. See Clemons v. Thornton, 993 So. 2d 1054, 1056 (Fla. 1st DCA 2008) (stating that "it is clear that both [spouses] must join in a conveyance of a homestead owned by one

6

spouse to a third party") (quoting Jameson v. Jameson, 387 So. 2d 351, 353 (Fla. 1980)). Taylor is, therefore, inapplicable to this case where both spouses signed the contract to sell their homestead.

In the instant case, both spouses agreed to sell their homestead to FM and the contract was signed by both spouses. FM paid the required deposit and advised the homeowners that it was ready, willing, and able to close on the scheduled closing date. Their contract even provides for specific performance as a remedy. Specific performance in this context effectuates the agreed-upon sale and is not a forced sale in violation of Article X, Section 4 of the Florida Constitution. See Chames v. DeMayo, 972 So. 2d 850, 854 (Fla. 2007) (discussing waivers of the homestead exemption and noting the difference between promissory notes, retainer agreements, and other unsecured instruments, and mortgages and bills of sale). Specifically, in Chames, the Florida Supreme Court noted:

> When a man executes a mortgage or **bill of sale** upon certain specified property, the very nature of the transaction implies the exercise of discretion and the contemplation of inevitable consequences. Such contracts are, therefore, upheld as well in respect to real as to personal property. We have in several cases held that a sale under a mortgage is not a *forced* sale because it was a sale under consent given under seal and irrevocably conveying an interest in the thing described.

Chames, 972 So. 2d at 854 (citation omitted) (bolded emphasis added).

We, therefore, conclude that the trial court departed from the essential requirements of the law when it granted the homeowners' motion for summary

7

judgment as to FM's claim for specific performance. Contrary to the trial court's finding, as a matter of law, specific performance is not precluded by Florida's Constitution as a remedy to enforce a contract for the sale of homestead property where the contract is executed by both spouses. Accordingly, we grant FM's petition for writ of certiorari and quash the trial court's order granting the homeowners' motion for summary judgment as to FM's claim for specific performance. Because our decision restores FM's specific performance claim, we affirm the trial court's order denying the homeowners' motion to discharge FM's lis pendens.

Petition granted and order quashed; appeal affirmed.