DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**13110 INVESTMENTS LLC,**
Appellant,

v.

**GERALD DUMERVILE** and **GIELLE HONORE,**
Appellees.

No. 4D2024-0530

[June 4, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Christopher W. Pole, Senior Judge; L.T. Case No. CACE-20-001018.

Jorge L. Gonzalez of Gonzalez & Vidal PL, Miami, for appellant.

Kertch J. Conze of Law Offices of Kertch Conze, P.A., Miramar, and James G. Bishop of Law Office of James G. Bishop, P.A., Lakeland, for appellee Gielle Honore.

MAY, J.

Technical details for witnessing and notarizing a mortgage are challenged in this appeal from a final judgment in a foreclosure action. The lender appeals and argues the trial court erred in its legal conclusions concerning the witnesses and the notary. We agree with the lender and reverse.

- ***The Facts***

The lender filed a complaint seeking to foreclose a mortgage. The husband initially executed the mortgage. His wife then executed the mortgage as the husband's spouse, but she never held title to the subject property. The mortgage was signed by two witnesses, one of whom was also the notary.

The witness, who was also a notary, notarized the signatures of the husband and the wife on the mortgage. The notary jurat specifically provided: "[t]he foregoing instrument was acknowledged before me this 29 day of June, 2015, by [the husband] and [the wife], who has produced: [FL Driver's License] as identification and who did take an oath."

After the husband and the wife divorced, the lender initially dismissed the wife from the foreclosure action as she no longer lived at the property and had no ownership interest. The wife later successfully moved to intervene before trial.

Following a bench trial, the court entered a final foreclosure judgment. But, in a separate final judgment, the court found the lender's evidence insufficient to foreclose against the wife.

Specifically, the court determined the mortgage was "fatally deficient" and "legally invalid on its face" because the notary had signed as a witness in violation of section 117.05(1), Florida Statutes (2024). Therefore, the mortgage lacked two valid subscribing witnesses as required by section 689.01, Florida Statutes (2024).

The lender now appeals the judgment for the wife.

The wife argues the lender failed to preserve the issues raised on appeal because it failed to file a timely motion for rehearing. Florida Rule of Civil Procedure 1.530(a) however applies when a trial court fails to make required findings of fact. Here, the lender is challenging the trial court's legal conclusions. There is no preservation problem.

- ***The Analysis***

  o *The Notary and the Witness*

The lender first challenges the trial court's conclusion that the mortgage was invalid due to the notary's signature. The lender argues that while section 117.05(1) prohibits a notary from notarizing their own signature, the statute does not preclude a notary from acting as a witness. The lender argues the notarizing statement ("jurat") on the mortgage indicates that the only signatures notarized were that of the husband and wife. In short, the notary did not notarize his own signature.

The defendant responds that the notary's act of signing as a witness and notarizing the mortgage rendered it fatally deficient under *George Anderson Training & Consulting, Inc. v. Miller Bey Paralegal & Fin., LLC*, 313 So. 3d 214 (Fla. 2d DCA 2021). In reply, the lender maintains *George Anderson* is distinguishable because there, unlike here, the jurat specifically named the notary as the person whose signature was being notarized.

We have de novo review of the trial court's legal conclusion. *Ocwen Loan Servicing, LLC v. Bishop*, 337 So. 3d 64, 66 (Fla. 4th DCA 2022) (citing *Bank of N.Y. Mellon v. Withum*, 204 So. 3d 136, 137 (Fla. 4th DCA 2016)).

2

Section 117.05(1) prohibits a notary from notarizing their own signature. However, Florida law does not prevent a notary from also acting as a witness to a document. *See Walker v. City of Jacksonville*, 360 So. 2d 52, 53 (Fla. 1st DCA 1978); *see also Tunnage v. Green*, 947 So. 2d 686, 688 (Fla. 4th DCA 2007) (implicitly approving a notary acting as the sole witness on a deed, although finding the deed defective for lack of two witnesses).

Importantly, section 117.05(4)(e) creates a presumption that notarization applies to all signatures on a document absent specific notation otherwise. The notary can rebut this presumption by naming the specific signatures being notarized. § 117.05(4)(e), Fla. Stat. (2024).

That is precisely what happened here. The notary limited the jurat to the husband and wife's signatures, not his own. Thus, he rebutted the statutory presumption. Nowhere does the notary suggest an intent to notarize the witnesses' signatures. The trial court erred in concluding the notarization of the mortgage invalid under section 117.05(4)(e).

o *The Two Witness Requirement*

The lender next argues the trial court erred in declaring the mortgage invalid because it was not signed in the presence of two subscribing witnesses. The lender argues that the 1968 Florida constitutional revision removing the words "duly executed" from Article X, Section 4(c) eliminated any two-witness requirement for homestead mortgages. The wife responds the trial court properly relied on pre-1968 case law interpreting the prior constitutional language to require two witnesses on homestead mortgages. Once again, we agree with the lender.

Prior to 1968, the Florida Supreme Court interpreted the words "duly executed" in Article X, Section 4 of the Florida Constitution to require two subscribing witnesses on a mortgage of homestead property. *See Hutchinson v. Stone*, 84 So. 151, 154 (Fla. 1920). As the lender points out, the 1968 constitutional revision removed the words "duly executed" from Article X, Section 4(c). Fla. Const. art. X, § 4(c). Our supreme court has held this change "must be given effect" to eliminate the prior two-witness requirement for homestead mortgages. *Moxley v. Wickes Corp.*, 356 So. 2d 785, 786 (Fla. 1978) (quoting *Wickes Corp. v. Moxley*, 342 So. 2d 839, 842 (Fla. 2d DCA 1977), *aff'd*, 356 So. 2d 785 (Fla. 1978)).

We have also recognized there is no requirement for two subscribing witnesses on homestead mortgages and held homestead conveyances similarly have no such requirement. *Rosenthal v. Finger & Margolis, P.A.*, 460 So. 2d 993, 994 (Fla. 4th DCA 1984).

Simply put, Florida law does not require homestead mortgages be witnessed by two subscribing individuals. The trial court erred in concluding the mortgage was invalid because it lacked two subscribing witnesses as required by section 689.01.[1]

*Reversed and Remanded.*

GROSS and CONNER, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The trial court's reliance on *Hamilton v. Corcoran* was misplaced as it interpreted the pre-1968 constitution. 177 So. 2d 64 (Fla. 2d DCA 1965).