334 So.2d 833 (1976)
Arnold SANTOS, Appellant,
v.
Anna W. BOGH, Appellee.
No. 75-1871.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Fine & Brownstein, Miami, for appellant.
Martin Nathan, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Predicated upon a judgment dated March 26, 1973, obtained by the appellee Anna W. Bogh against Arnold Santos and another, an execution levy was made upon certain real estate. The judgment defendant Santos moved to quash the levy and proposed sale thereunder on the ground "that title to the property upon which the levy has been made is held in the name of Arnold Santos and Carolyn Santos, as tenants by the entireties, according to a warranty deed". Attached to the motion was a copy of a quit claim deed dated June 1, 1967, from Arnold Santos to himself and his wife Carolyn Santos. The deed was signed and acknowledged by Santos but had only one subscribing witness, whereas the presence thereon of two subscribing witnesses was essential to its validity under § 689.01 Fla. Stat., F.S.A. There was no contention that the deed in question represented a transfer in fraud of the creditor.
The trial court denied the motion to quash the levy and sale. Appealing therefrom, Santos argues that because the acknowledgment included a recitation that the grantor was known to be the person described in and who executed the deed, the notary's signature to the acknowledgment should be regarded as that of a second subscribing witness. We find no merit in that argument, for which no supporting authority was cited.
Appellant argues further that although the deed was not effective as a conveyance to Carolyn Santos of an interest in the property, because it did not have two subscribing witnesses as required by § 689.01, it should be regarded as a valid *834 contract by Santos to convey to himself and his wife, thereby creating in Carolyn Santos an equitable interest in the property, so as to preclude an execution levy on the judgment against Santos. As authority for that proposition the appellant cited Zimmerman v. Diedrich, Fla. 1957, 97 So.2d 120. We find nothing in that decision to aid the appellant here. That case dealt with the question of whether a contract for sale of real estate, which did not have two subscribing witnesses, could be specifically enforced. In Zimmerman the Supreme Court did not hold or imply that a deed which does not have two subscribing witnesses would be valid to effect the transfer of an interest in real estate.
No reversible error having been shown, the order appealed from is affirmed.