360 So.2d 52 (1978)
M. Lucius WALKER et Ux., Appellants,
v.
CITY OF JACKSONVILLE, and Ulysses C. Glover, Appellees.
No. GG-225.
District Court of Appeal of Florida, First District.
June 26, 1978.
As Amended July 25, 1978.
E.K. McIlrath, Jacksonville, for appellants.
C. Ray Greene, Jr. of Greene & Greene, William L. Coalson, Jacksonville, for appellees.
BOYER, Judge.
Appellants (Walkers) appeal from an order determining that appellee Glover is the fee simple owner of a certain parcel of land in Duval County and that Walkers have no interest therein.
This case emanates from an eminent domain proceeding by the City of Jacksonville in which Walker and Glover were made parties defendant. The case is before us on a stipulated record on appeal.
The record reveals that Glover, an undertaker in Jacksonville, is a step-uncle of the Walkers. The Walkers live in Washington, D.C. In 1971 the Walkers signed and mailed to Glover an instrument entitled "Warranty Deed" which was regular in form, acknowledged by a notary public, but not witnessed. Across the spaces provided *53 for witness signatures appears the word "Blub". The instrument was never recorded, but Glover was made a party defendant in the eminent domain proceeding because the record revealed that he had paid taxes on the property for the years 1970 through 1974. The Walkers filed an answer, in customary form, demanding "full and just compensation to be set by a jury" and attorney's fees. Glover, too, filed an answer, in customary form, but specifically denying that Walkers had any interest in the property and affirmatively alleging sole ownership in Glover. The City of Jacksonville, being only interested in obtaining good title via eminent domain, expressed no interest in the dispute between Walkers and Glover and has taken no part in this appeal.
In response to requests for admission which were introduced into evidence at the trial before the trial judge as to the ownership issue, Glover admitted possession of the subject "deed" and admitted that it had not been recorded. (The evidence also reveals that it bears no documentary stamps) Testifying at the hearing, Glover asserted possession of the property since 1971, which he has been using as a parking lot in connection with his funeral home. He further testified that the Walkers wanted to give him the property but that he paid "$1,000.00 for it anyway". His testimony did not explain the reason for the alleged desire to make a gift by the Walkers. The Walkers, on the other hand, in response to requests for admission which were also introduced, admitted that $1,000.00 was advanced by Glover, claiming that a portion of that sum was delivered back to Glover to apply on the costs of the funeral of one Mamie Walker, a relative of the Walkers and Glover.
The order of the trial judge here appealed states:
"The Court determines that Ulysses C. Glover was the fee simple owner of the land described as Parcel 49-3 at the time the order of taking was entered herein, and that the Defendants M. Lucius Walker and Inez Walker, his wife, have no valid claim or interest in the land described as Parcel 49-3 or any awarding to be made therefor."
F.S. 689.01 requires that an interest in land be conveyed "by instrument in writing, signed in the presence of two subscribing witnesses by the party * * * conveying * * *". The statute specifically provides that a conveyance may not be accomplished "in any other manner".
Sub judice, it is clear that the purported deed is not signed by two subscribing witnesses. Glover urges that, the record being silent on the point, Blub may well be a witness. That is true but Blub cannot be two witnesses.
Glover next refers us to Medina v. Orange County, 147 So.2d 556 (Fla. 2nd DCA 1962) wherein it was held that the statutory requirement may be met by proof that the deed was actually signed in the presence of two witnesses, notwithstanding that they did not then and there immediately sign as such. We have no quarrel with that holding, but there is no evidence sub judice of the signing before any witnesses, nor does the instrument itself reveal any witnesses unless Blub is one.
Glover further urges that since the instrument is acknowledged before a notary public the notary may be considered a witness. An identical contention was rejected by our sister court of the Third District in Santos v. Bogh, 334 So.2d 833 (Fla. 3rd DCA 1976). Certainly there is nothing to prevent a notary from also being a witness. However, it is not necessary to the validity of an acknowledgment that the acknowledged instrument be signed in the presence of the notary: It is only necessary that the person whose execution is acknowledged be known by the notary to be the person described in and who executed the instrument (or that the notary have satisfactory proof thereof) that such person acknowledge to and before the notary the execution of the instrument. (See F.S. 695.09) The mere existence of an acknowledgment on an instrument can therefore raise no presumption that the notary was a witness, nor is the mere existence of the acknowledgment proof thereof.
*54 Glover's reliance on Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (Fla. 1946) is also misplaced. The issue there treated by the Supreme Court of Florida related only to the termination of a joint tenancy, the holding being "that the contract for sale, even though not executed with due statutory formality, was sufficient to terminate the joint tenancy and destroy the right of survivorship."
The record sub judice is also devoid of any evidence to support Glover's contention of equitable estoppel.
It necessarily follows, and we so hold, that the instrument executed by Walkers was insufficient under Florida law to convey title to Glover.
Glover, however, is not entirely without remedy. The Walkers themselves, in their brief, urged that the defective "deed" may be construed as a mortgage securing the sum which the evidence reveals was "advanced" by Glover to Walkers, viz: $1,000.00. Although the evidence is scanty in that regard, it is sufficient, particularly in view of Walkers' own admission and argument in its brief. There is ample authority for the proposition that a warranty deed, even when properly executed, may be construed as a mortgage if it was intended by the parties at the time of execution and delivery that it not convey title but rather secure an indebtedness.
In Wickes Corp. v. Moxley, 342 So.2d 839 (Fla. 2nd DCA 1977) our sister court of the Second District held that under the present constitution and statutes of the State of Florida two witnesses are not required to the execution of a mortgage of homestead property. Certainly the same is applicable to nonhomestead property. The decision of the Second District was approved and adopted by the Supreme Court of Florida in Moxley v. The Wicke Corporation, 356 So.2d 785 (Fla. 1978), Opinion filed January 26, 1978.
Reversed and remanded for further proceedings consistent herewith.
McCORD, C.J., and MELVIN, J., concur.