608 So.2d 22 (1992)
THE FLORIDA BAR, Complainant,
v.
Guillermo Jose FARINAS, Respondent.
No. 77910.
Supreme Court of Florida.
November 12, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Guillermo J. Farinas, pro se.
Donald Eugene Mason, of Donald Eugene Mason, P.A., Coral Gables, for respondent.
PER CURIAM.
This is a lawyer disciplinary proceeding in which the Florida Bar seeks review of a referee's report recommending that the Respondent, Guillermo J. Farinas, be found not guilty and that no disciplinary action be taken. We have jurisdiction. Art. V, § 15, Fla. Const. Given the uncontroverted facts *23 of this case, we conclude that Farinas has violated the Rules Regulating The Florida Bar and should be disciplined and that a public reprimand is the appropriate sanction.
The referee made the following findings of fact. Farinas represented Larry and Deanna Blakely in a lawsuit arising out of their purchase of a business. During the course of that representation, the Blakelys moved to North Carolina. Subsequently, as instructed by Farinas, the Blakelys filled in and returned to Farinas a set of interrogatories. The Blakelys had signed the interrogatories, but the signatures had not been notarized as required. Upon discovering that the interrogatories had not been notarized, Farinas requested a notary to notarize the signatures. The Blakelys were not present before the notary when they signed the interrogatories.
Because the notarization was illegal under section 117.09(1), Florida Statutes (1989), the Bar charged Farinas with soliciting the notary to improperly and illegally notarize the Blakelys' signatures in violation of rules 3-4.3 (engaging in conduct unlawful or contrary to honesty and justice), 4-8.4(a) (violating the Rules of Professional Conduct), 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice), Rules Regulating The Florida Bar. At the hearing on these charges, Farinas claimed that he recognized the Blakelys' signatures as valid and that he was unaware that the signatures had to be witnessed by the notary when she notarized them.
The referee found Farinas not guilty and recommended that no disciplinary action be taken. In making these findings, he stated that the practice of finding a notary to notarize a client's signature without the client's being present seemed to be fairly common among members of the Bar, even if that practice was not ethical.
The Bar contests the referee's recommendation and seeks a sixty-day suspension. The Bar argues that the referee's recommendation is erroneous because Farina's conduct was improper and violated the Rules Regulating The Florida Bar. The Bar states that declining to discipline one attorney simply because other attorneys are engaging in similar misconduct is an inappropriate reason for recommending that Farinas be found not guilty and not subject to discipline. Moreover, the Bar asserts that Farinas encouraged the notary to break the law and that this is a serious offense. Although the Bar states that it does not seek to punish one attorney for the alleged misdeeds of others, it asserts that a sixty-day suspension and an assessment of costs against Farinas in the amount of $2,582.60 would be the appropriate sanction both to discipline Farinas and to discourage other attorneys from engaging in similar conduct.
Farinas, on the other hand, asks that we approve the referee's recommendation because his conduct was lawful and reasonable under the facts of this case. Farinas contends that, although normally the procedure set forth in section 117.09(1) for notarization of documents must be followed, exceptions do exist. If a notary has satisfactory proof of the identity of the person whose signature is acknowledged, Farinas states that it is not necessary that such person sign in the notary's presence. In support of this proposition, he cites Walker v. City of Jacksonville, 360 So.2d 52 (Fla. 1st DCA 1978). Farinas additionally argues that even if the statute was violated, his acts were not unlawful. He states that, if any act was unlawful, it was the notary's. Farinas asks that we affirm the referee's recommendations and order the Bar to pay him $3,000 for reimbursement of attorney's fees expended in this matter.
The Walker case cited by Farinas involved a dispute regarding the validity of a deed. There, the notarized deed in dispute contained the signature of only one witness, and it was argued that the notary's signature served to fulfill the requirement of two witnesses. In addressing this issue, the district court did state, as noted by Farinas, that it was not necessary to the validity of a notary's acknowledgment that *24 the instrument be signed before the notary. However, the court additionally stated "that such person [must] acknowledge to and before the notary the execution of the instrument." 360 So.2d at 53 (emphasis added). In other words, while the signee need not actually execute the document before the notary, the signee must personally appear before the notary at the time the signee acknowledges that he or she executed the document. Such reasoning clearly comports with section 117.09(1), which states:
Every notary public in the state shall require reasonable proof of the identity of the person whose signature is being notarized and such person must be in the presence of the notary public at the time the signature is notarized. Any notary public violating the above provision shall be guilty of a misdemeanor of the second degree... . It shall be no defense under this section that the notary public acted without intent to defraud.
(Emphasis added.) Based on the foregoing, we find Farinas' argument that exceptions exist under the statute to be without merit.
Given the facts of this case, we conclude that the notary's act was illegal under the statute. Similarly, the record clearly reflects that Farinas solicited the improper and illegal conduct of the notary public in violation of the Rules Regulating The Florida Bar. Consequently, we must disagree with the referee's recommendation that Farinas be found not guilty. As the Bar pointedly argued, if an attorney's conduct is unethical under the rules, it would be inappropriate for this Court to find the attorney not guilty on the basis that other attorneys are engaging in similar misconduct. We disagree, however, with the Bar's recommendation that Farinas receive a sixty-day suspension. Under the circumstances, we find a public reprimand to be the appropriate discipline.
Accordingly, we find Farinas guilty of violating rules 3-4.3 (engaging in conduct unlawful or contrary to honesty and justice), 4-8.4(a) (violating the Rules of Professional Conduct), 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice). By this opinion, Guillermo J. Farinas is publicly reprimanded. Judgment for costs in the amount of $2,582.60 is hereby entered against Farinas, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.