BASKIN, Judge.
Defendant was charged, inter alia, with multiple violations of section 117.09(2), Florida Statutes, now section 1Í7.105.[1] Section 117.105[2] provides:
A notary public who falsely or fraudulently takes an acknowledgment of an instrument as a notary public or who falsely or fraudulently makes a certifícate as a notary public or who falsely takes or receives an acknowledgment of the signature on a written instrument is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Defendant filed a motion to dismiss the charges against her arguing that the terms “falsely,” “fraudulently,” or “acknowledgment” in this section are unconstitutionally vague. The state asserted that the terms were within common understanding. The court granted the motion to dismiss, finding the statute unconstitutionally unclear and ambiguous. The state appealed.
We reverse the dismissal order based on our holding that the statute is clear, unambiguous and not unconstitutionally vague. “The accepted test for vagueness is whether the statute is specific and clear enough to put persons of common intelligence and understanding on notice of the proscribed conduct.” State v. Hamilton, 388 So.2d 561, 562 (Fla.1980). Section 117.105 is written in words easily discernable by persons of common intelligence. The statute prohibits a notary public from committing two acts: 1) falsely or fraudulently taking an acknowledgment of an instrument, or 2) falsely taking or receiving an acknowledgment of a signature on a written instrument. The words “falsely” and “fraudulently” are not vague and are within a person’s common understanding. These words specifically describe the undesired behavior and can be understood by reference to common experience. Hamilton.
Defendant’s argument, that the term “acknowledgment” is vague as used in the statute, is also unpersuasive. The plain terms of the statute alert a person of intelligence and understanding that the statute refers to a notary’s act of taking or receiving an acknowledgment of a signature. See § 117.107, Fla.Stat. (Supp.1992). This act is not to be undertaken falsely or fraudulently.
Moreover, the legislature’s failure to define the terms in a statute does not render the terms unconstitutionally vague. State v. Ha-gan, 387 So.2d 943 (Fla.1980). “In the absence of a statutory definition, resort may be had to case law or related statutory provisions which define the term, and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense.” Hagan, 387 So.2d at 945. The words challenged by defendant — falsely, fraudulently and acknowledgment — are terms of common usage, and can be given their plain and ordinary meaning. Florida courts have addressed section 117.09 previously. The Florida Bar v. Farinas, 608 So.2d 22 (Fla.1992); Randall v. State, 491 So.2d 1256 (Fla. 3d DCA 1986); Walker v. City of Jacksonville, 360 So.2d 52 *1116 (Fla. 1st DCA 1978). The Farinas court relied on the holding in Walker to state that the signatory must acknowledge before the notary public that he or she executed the document. In Randall, this court considered the propriety of jury instructions in connection with a charge against defendant of violating section 117.09(2). Although the cited cases do not define the terms we are scrutinizing, the courts give the words their plain and ordinary meaning.
A court of appeal must reject a statutory vagueness challenge if the statute is susceptible of interpretation through ordinary logic and common understanding. State v. Hodges, 614 So.2d 653 (Fla. 5th DCA 1993). The statute under attack is easily interpreted and understood by persons of common intelligence and understanding. As demonstrated by the Farinas, Randall, and Walker courts, nothing is required beyond resort to the common usage of the challenged terminology. The constitutional attack on the section may not be upheld.
Based on the foregoing reasoning, we reverse the order dismissing the charges against defendant and remand with instructions to reinstate the charges.
Reversed and remanded.

. Section 117.09(2) was repealed by Ch. 91-291, § 8, at 2786, Laws of Florida, effective January 1, 1992. Section 117.105 was added by Ch. 91-291, § 6, at 2785, Laws of Florida, effective January 1, 1992.

. Section 117.09(2) provided:
Any notary public in this state who shall falsely or fraudulently take any acknowledgment of any instrument as a notary public or who falsely or fraudulently makes any certificate as a notary public or who falsely takes or receives an acknowledgment of the signature on any written instrument shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.