744 So.2d 1139 (1999)
Ronald GRIEM, et al., Appellants,
v.
Maria Amalia ZABALA, et al., Appellees.
No. 99-601.
District Court of Appeal of Florida, Third District.
October 27, 1999.
Rehearing Denied November 24, 1999.
Stephen E. Tunstall, Coral Gables, for appellants.
Bedzow, Korn, Brown, Miller & Zemel, and Teri L. Di Giulian and Jacqueline Schneider, Tampa, for appellees.
Before JORGENSON, GREEN, and SHEVIN, JJ.
*1140 PER CURIAM.
The owners of two condominium units appeal a final judgment against them in a quiet title, ejectment and declaratory relief action. For the following reasons, we reverse.
In 1978, Ronald Griem purchased the condominium units at issue, Units 106 and 110. After his wife's death, Griem quit-claimed these properties to himself and his two daughters. Subsequently, Griem entered into an agreement with a real estate agent to manage, maintain and rent the properties. They opened up a joint bank account to keep track of the rental income from these properties.
Griem and his daughters reside in Ecuador. From 1980 to 1989, Griem would visit Miami at least annually to check on the properties. The real estate agent would also provide regular statements on the property status to Griem. In 1989, Griem stopped receiving these regular reports. From 1989 to 1996, Griem experienced an employee strike at his companies in Ecuador and also suffered a nervous breakdown which prevented him from visiting Miami.
Griem also owned six other condominium units located in Pointe South which were managed by the real estate agent. Due to Hurricane Andrew, these units were severely damaged. There were no reserve funds nor incoming rents to pay the mortgage and maintenance assessments. Allegedly, to save these properties from foreclosure, the real estate agent sold Units 106 and 110 and used the proceeds to avoid foreclosure on the other six condominiums. In 1996, Griem came to Miami and discovered that the real estate agent had transferred these units to the Moraleses and the Zabalas. This occurred allegedly without any of the Griems' knowledge or consent. The Griems claim they did not sign any deeds or powers of attorney. The Griems filed suit to quiet title, to eject the Moraleses and the Zabalas and to obtain declaratory relief against them. The trial court entered final judgment for the Moraleses and the Zabalas; the Griems then filed this appeal.
There is insufficient evidence for the trial court to find that the Zabalas have a valid deed to one of the condominiums. To transfer a property interest, a deed must be in writing and signed by the person conveying such interest. Fla. Stat. § 689.01 (1995). Section 117.05(6)(a), Florida Statutes (1995), provides that a notary public may not notarize a signature if the "person whose signature is being notarized is not in the presence of the notary public at the time the signature is notarized." See The Florida Bar v. Farinas, 608 So.2d 22, 23 (Fla.1992) (acknowledging execution and appearing personally before a notary only requirement to notarizing for signee); Walker v. City of Jacksonville, 360 So.2d 52, 53 (Fla. 1st DCA 1978) (notary must know person whose execution is acknowledged to be the person who executed the instrument). The trial court found that the Griems did not sign the Zabalas' deed. Moreover, the notary testified at trial that she had never met the Griems prior to trial nor were they in her presence when she notarized the deed. Thus, the Zabala deed did not conform to the statutory requirements for a valid deed. On this basis, there is insufficient evidence to support a finding that the Zabalas had a valid deed for Unit 106.
The trial court also erred in finding that the Moraleses were valid deed holders of Unit 110. Section 90.952, Florida Statutes (1995), requires that the original writing be offered when proving the contents of the writing absent a sufficient explanation for its unavailability. Because a deed gives rise to a legal right, the contents of the deed are being proved; thus, a deed falls within the best evidence rule. See Florida Finance Co. v. Sheffield, 56 Fla. 285, 48 So. 42, 43 (1908); Charles W. Ehrhardt, Florida Evidence, § 952.1 (1997). The Moraleses must enter their deed into evidence as proof of their ownership claim or provide an adequate excuse for its absence. The Moraleses *1141 failed to introduce their deed into evidence and also failed to explain adequately its absence. The only evidence introduced at trial was the original deed showing Ronald Griem's initial acquisition of the property. Therefore, there is not substantial, competent evidence to support the trial court finding that the Moraleses were the owners of Unit 110.
For the above reasons, we reverse the trial court's final judgment against the Griems. We hold that there is not substantial, competent evidence to support a finding that the Zabalas and the Moraleses have valid deeds to Units 106 and 110, respectively.
REVERSED.