769 So.2d 508 (2000)
AMERICAN GENERAL HOME EQUITY, INC., Appellant,
v.
COUNTRYWIDE HOME LOANS, INC., etc., et al., Appellees.
No. 5D00-549.
District Court of Appeal of Florida, Fifth District.
October 20, 2000.
John C. Englehardt, Orlando, for Appellant.
M. Bradley Luczak of Sobering, White & Luczak, P.A., Orlando, for Appellees.
W. SHARP, J.
American General Home Equity, Inc. appeals from a partial final summary judgment which determined that its mortgage was inferior to a mortgage held by Countrywide *509 Home Loans, Inc. on the same property. American General argues that there are genuine issues of material fact which preclude entry of summary judgment. We disagree and affirm.
The record shows that on August 18, 1998, the Hartleys conveyed the subject property in Tangelo Park, Orange County, Florida, to David Ferguson. On August 20, 1998, Ferguson executed a quit claim deed, attempting to convey the property to Yvette Pack. It was recorded on August 24, 1998. On September 11, 1998, Ferguson executed a warranty deed conveying the same property to Paul White. This deed was recorded September 22, 1998.
Thereafter, both White and Pack obtained mortgage loans on the same property. White obtained a mortgage from Countrywide in the amount of $52,197 and the mortgage was recorded on September 22, 1998. Pack obtained a mortgage in the amount of $18,238.83 from American, on October 26, 1998. The mortgage was recorded the following day.
About a year later, Countrywide filed suit to foreclose White's mortgage. Countrywide named American as a defendant as it may claim some interest in the property subject to the mortgage. American answered and counterclaimed to foreclose Pack's mortgage.
Countrywide moved for partial summary judgment, arguing that the quit claim deed from Ferguson to Pack was defective because it was not signed by two subscribing witnesses as required by Florida law. Thus the quit claim deed was insufficient to convey title to Pack. The trial court entered partial summary judgment in favor of Countrywide, on that ground.
Section 689.01 requires that an interest in land be conveyed "by instrument in writing, signed in the presence of two subscribing witnesses by the party ... conveying ... such ... interest ..." The statute specifically provides that a conveyance may not be accomplished "in any other manner." Thus a deed which lacks two subscribing witnesses is insufficient to convey title. Walker v. City of Jacksonville, 360 So.2d 52 (Fla. 1st DCA 1978); Santos v. Bogh, 334 So.2d 833 (Fla. 3d DCA), cert. denied, 341 So.2d 293 (Fla. 1976).
A "subscribing witness" is defined as:
He who witnesses or attests the signature of a party to an instrument, and in testimony thereof subscribes his own name to the document. One who sees a writing executed, or hears it acknowledged, and at the request of the party thereupon signs his name as a witness. (emphasis added)
Black's Law Dictionary.
American agues that there is a question of fact in this case as to whether the deed to Pack had the required two subscribing witnesses. The quit claim deed from Ferguson to Pack has three signatures: the grantor (Ferguson), a witness, and a notary. In opposition to the summary judgment proceeding, American filed and recorded an affidavit executed by the notary to the Pack deed which states he saw Ferguson sign the deed, but he does not say he also signed it in his capacity as a witness.
While a notary may also serve as a witness, the mere existence of an acknowledgment on an instrument raises no presumption that the notary was a witness. Nor is the mere existence of the acknowledgment proof that the notary was a witness. Walker. See also Santos (rejecting argument that acknowledgment which included statement that the grantor was known to be the person subscribed in and who executed the deed meant that the notary's signature to the acknowledgment could be regarded as that of a second subscribing witness). We find nothing in the notary's affidavit which establishes or raises a question of fact that he was the second subscribing witness. We find Medina v. Orange County, 147 So.2d 556 (Fla. 2d DCA 1962) has no application to this *510 case, because in that case the notary actually signed the deed as a witness after originally notarizing it.
Since there was only one subscribing witness to the Pack deed, it failed to convey title to Pack. Thus Countrywide's interest is clearly superior to any interest American may have, and at this point, American appears to have no valid mortgage interest in the subject property.
AFFIRMED.
HARRIS, J., and ORFINGER, M., Senior Judge, concur.