[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-14496
Non-Argument Calendar

_____

D. C. Docket No. 03-00442-CV-OC-10GRJ

WALTER L. MCINTOSH,
DANIEL W. DUMONT,

Plaintiffs-Appellants,

versus

RAYMOND GAUTHIER,
FRANCES GAUTHIER,
STEPHEN G. SEMESCO,
MARGUERITE C. SEMESCO,
ALBRIGHT REALTY,
George Albright & Agents,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 17, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Walter McIntosh and Daniel Dumont, proceeding pro se, appeal the district court's dismissal of their pro se diversity action, which alleged that they were deprived of ownership interest in certain real property. The court dismissed the complaint based on Plaintiffs' failure to prosecute and comply with several court orders, including failing to file a case management report and attend two court-ordered conferences. They also contend that it was error for the district court to grant the Defendants' motion for summary judgment as to Dumont's claims. They also assert that, throughout the litigation, the magistrate judge did not comply with the Federal Rules of Civil Procedure and repeatedly ruled against the facts of the case.

## I.

We review a district court's grant of summary judgment de novo, applying the same standards utilized by the district court. S.E.C. v. Adler, 137 F.3d 1325, 1332 (11th Cir. 1998). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.

Civ. P. 56(c). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Additionally, the non-moving party must present enough evidence to demonstrate that it can meet the substantive evidentiary standards that apply to the case, that is, that a jury might return a verdict in his favor. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Article III of the United States Constitution limits us to the adjudication of actual "cases" and "controversies." See U.S. Const. art. III. Under this case-or-controversy requirement, a litigant must have standing to raise his claims before the district court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Standing requires an actual or threatened concrete injury as a result of the challenged action. Id. at 560-61, 112 S. CT. at 2136.

Here, McIntosh and Dumont challenge acts allegedly undertaken by defendants in their neighborhood subdivision. Thus, ownership of a subdivision lot is a requirement for standing. For a transfer of property to be effective under

3

Florida law, it must be signed by the grantor in the presence of two subscribing witnesses. Fla. Stat. § 689.01. A seal is not necessary, but the statute specifically provides that a conveyance may not be accomplished "in any other manner." Id. Thus, a deed which lacks two subscribing witnesses is insufficient to convey title. Walker v. City of Jacksonville, 360 So.2d 52 (Fla. Dist. Ct. App. 1978).

Florida courts have noted a "subscribing witness" is one who: witnesses or attests the signature of a party to an instrument and in testimony thereof *subscribes his own name to the document as a witness.* Am. Gen. Home Equity, Inc. v. Countrywide Home Loans, Inc., 769 So. 2d 508, 509 (Fla. Dist. Ct. App. 2000). A notary may serve as a witness, but the mere existence of an acknowledgment on an instrument raises no presumption nor proof that the notary was a witness. Id.

Here, the district court did not err in concluding that Dumont did not have standing. The Defendants alleged that Dumont had no standing because he did not have a valid interest in Lot 8. The quitclaim deed purporting to convey an interest to Dumont contained signatures by: (1) Hohl, the grantor; (2) Dumont; and (3) the notary. Section 689.01 does not expressly exclude vendees or purchasers from subscribing to deeds which purport to convey them an interest in land, and to the extent this is permissible, Dumont's signature and identification as a "witness" provided one of the two required in this instance. The notary's signature, however,

4

only acknowledged that Dumont had appeared before her and confirmed that it was his signature appearing on the document. There is no indication that Hohl, the grantor, signed in the presence of the notary, or that the notary subscribed to that signature.  Thus,  the quitclaim deed failed to satisfy the requirements of § 689.01.

Although in their response to summary judgment McIntosh and Dumont attached a prior district court order denying defendants' motion to dismiss, this prior order did not resolve the validity of the quitclaim deed.  Rather, it indicated that the facts in the complaint taken as true would convey standing on Dumont. However, McIntosh and Dumont were required to go beyond the complaint in their response to the summary judgment motion.  Importantly, neither McIntosh's affidavit nor the prior court order demonstrated that the deed was in compliance with the statute.

Because Dumont did not show that he had a valid ownership interest in the land at issue, he did not have standing to bring suit against the defendants, and thus, the district court did not err in granting summary judgment to the Defendants as to his claims.

## II.

Although the district court did not state under what authority it was dismissing McIntosh's complaint, it appears that it dismissed the complaint

5

pursuant to Fed. R. Civ. P. 41(b), which authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). A district court also has authority under Rule 41(b) to dismiss actions for failure to comply with local rules. Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993). We review dismissals under Rule 41(b) for an abuse of discretion. Goforth, 766 F.2d at 1535.

Dismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstance. Id. Simple negligence does not warrant dismissal. McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986). Rather, "[d]ismissal is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). In Goforth, we dismissed a case with prejudice after we found a clear record of delay or contempt where a party failed to submit a preliminary statement after the district court's repeated insistence for such a statement, and where the party failed to appear for a pretrial conference. Goforth, 766 F.2d at 1535.

6

The district court did not abuse its discretion in dismissing McIntosh's complaint for lack of prosecution and failure to comply with court orders. McIntosh submitted his original complaint in December 2003, but by July 2005, had still not contacted the defendants about filing the required case management report, even after being told repeatedly to do so. He offered no justifications for failing to file the report. He also failed to attend two court-ordered conferences while the defendants attended both. The length of this litigation, the cooperation by defendants, and lack of cooperation by McIntosh show a clear record of delay and contempt on the part of McIntosh warranting dismissal.

Furthermore, dismissal with prejudice was appropriate here. McIntosh's actions cannot be characterized as simple negligence when he was made explicitly aware of what he needed to do and the consequences of not doing it. The Magistrate Judge afforded McIntosh numerous opportunities to prosecute the case and comply with court orders. The Magistrate Judge gave explicit instructions to McIntosh to file the case management report and made him aware that the consequence of noncompliance would be dismissal of his case. After a year during which McIntosh still did not file a case management report, the Magistrate Judge scheduled two telephonic conferences to discuss the status of the case, but McIntosh did not appear, or make himself available, at either. The Magistrate

7

Judge attempted to get in touch with McIntosh by phone during both conferences. Such a record of noncompliance by McIntosh in the face of numerous opportunities to comply shows willful contempt and supports the Magistrate Judge's finding that dismissal was an appropriate sanction.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error.

Based on the foregoing, we affirm.

**AFFIRMED.**[1]

---

[1] Appellants' request for oral argument is denied as is their motion to supplement the record.