[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

No. 08-13156
Non-Argument Calendar

D. C. Docket No. 07-00071-CV-BAE-6

GREGORY WAYNE PARRISH,

Plaintiff-Appellant,

versus

FORD MOTOR COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Georgia

**(October 31, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

## I. Background

Appellant Gregory Wayne Parrish ("Parrish") brought this product liability action against Appellee Ford Motor Company ("Ford") following a single vehicle accident involving a 2003 Ford Ranger. Parrish originally filed his defective-airbag products liability action against Ford on October 25, 2005. *Parrish v. Ford Motor Co.*, No. 605CV116 (S.D. Ga. Apr. 25, 2007), *amended by* Or. 1, May 17, 2007 (order granting and conditioning voluntary dismissal) ("*Parrish I*"). Ford moved for summary judgment, and Parrish responded by moving for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). The district court granted Parrish's motion with the following condition:

> Because Ford is entitled to its attorney's fees and costs from this action, Gregory Wayne Parrish is enjoined from proceeding past the refiling-stage of the next action that he files on this subject matter -- unless and until the next court resolves the fee/cost petition that Ford may file in response to Parrish's next Complaint.

*Id.* The district court also stated that it did

> not adopt Ford's affidavit [declaring its attorney's fees and costs] as a set amount for prepayment. Rather, the amount should be negotiated by the parties or decided by any "re-filing" court (taking into account, for example,

2

work product Ford can reuse in the subsequent action). The Court thus agree[d] with Parrish that the re-filing court (which could be [the same] Court) [would] be better able to -- and should -- determine the proper "prepayment" amount with the new complaint before it and with full briefing from both parties.

*Id.*

Six months later, Parrish renewed the same defective-airbag claim in a new case filing, *Parrish v. Ford Motor Co.*, No. 607CV071, 2008 WL 2944645 (S.D. Ga. May 21, 2008) ("*Parrish II*"). Parrish then moved the court to allow him to serve Ford with his complaint and resolve the issue of cost. In a February 6, 2008 Order ("February Order") the district court granted Parrish's motion and directed counsel for both parties to try to resolve the cost issue on their own. The February Order further stated:

Upon service of the Complaint upon Ford, this matter is automatically stayed (thus, Ford need not then file an Answer) because the Court will equate proof of service upon Ford as a Ford Motion to Dismiss for failure to pay the 605CV116 costs – unless in the meantime plaintiff files proof that he has paid Ford's costs.

3

Should the parties be unable to resolve the costs issue, Ford may . . .

immediately move the Court for an award of costs. The Court will then

resolve the issue and, if Parrish does not pay any resulting cost award within

20 days thereafter, it will dismiss this latest case with prejudice pursuant to

F.R. Civ. P. 41(b) and S.D. Ga. Loc. R. 41.1(b).

(R. 10 at 1.)

On March 24, 2008, the district court issued an Order ("March Order")

stating that

[w]ithin 10 days of the date this Order is served . . . plaintiff Parrish shall

either file proof that he has paid Ford its costs or brief the Court on why he

cannot. Ford, meanwhile, is free to file any motion or brief that it wants

(e.g., a motion, if in fact it has been served, for an immediate award of costs,

etc.).

(R. 8 at 2.)

In response, on April 3, 2008, Parrish filed (1) a brief to the district court

explaining his understanding of Ford and Parrish's continued dispute about the

fees and costs due under the *Parrish I* voluntary dismissal conditions and (2) a

motion to proceed *in forma pauperis*. It appears from Parrish's filings that he was

under the impression that *in forma pauperis* status either would prevent him from

having to pay the fees and costs due to Ford under the voluntary dismissal conditions set forth in *Parrish I* or that he may be allowed to pay any fees and costs so due out of any monetary award he received at the conclusion of *Parrish II*. Parrish also asserts that the *in forma pauperis* motion was intended to notify the district court of an additional reason that Parrish had not paid Ford.

Instead of filing a motion to compel the immediate award of costs as suggested by the district court in its February and March Orders, Ford then filed (1) a response in opposition to plaintiff's motion to proceed *in forma pauperis* and (2) a "12(b)(6) Motion to Dismiss for Failure to Pay Fees and Costs," which was, in effect, a Federal Rule of Civil Procedure Rule 41(b) motion for involuntary dismissal for failure to comply with a court order.[1]

The district court did not rule on Parrish's motion to proceed *in forma pauperis* and did not issue a ruling regarding the amount of fees or costs due to Ford. Neither did the district court issue an order directing Parrish to pay Ford

---

[1] Ford's motion is incorrectly titled a "12(b)(6) Motion to Dismiss for Failure to Pay Fees and Costs." The content of Ford's motion and the majority of its title indicates that it was a motion to dismiss for failure to pay fees and costs required by court order issued under Federal Rule of Civil Procedure 41(a)(2), in other words, a Rule 41(b) motion for involuntary dismissal for failure to comply with a court order. (*See* Ford Motor Company's 12(b)(6) Mot. to Dismiss for Failure to Pay Fees and Costs.) A Rule 12(b)(6) motion to dismiss is filed when the defendant contends that the plaintiff has failed "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

costs and fees from *Parrish I*. The district court did, however, grant Ford's Rule 41(b) motion to dismiss for failure to comply with a court order, saying:

> With no payment of his Rule 41(a)(2) obligation likely, the Court is . . . dismissing Gregory[ Parrish]'s case without prejudice (he has not willfully defied the Court's last Order, so a "with-prejudice" dismissal is not warranted here). It is hardly imaginable that he would re-file this case given his claimed indigency and the fact that Ford's fee/cost claim will be there to greet him.

*Parrish II*, 2008 WL 2944645, at *3 (footnote omitted). This appeal followed.

## II. Issues

The issues presented on appeal are:

(1) Whether it was an abuse of discretion for the district court in *Parrish I* to impose conditions upon the grant of Parrish's voluntary dismissal.

(2) Whether it was an abuse of discretion for the district court in *Parrish I* to attach Ford's affidavit of costs and fees to the court's order dismissing *Parrish I*.

(3) Whether it was an abuse of discretion for the district court in *Parrish II* to dismiss Parrish's case without first assessing what fees and costs may be due to Ford under the conditions of the *Parrish I* voluntary dismissal.

6

(4) Whether, under the circumstances, it was an abuse of discretion for the district court in *Parrish II* to dismiss Parrish's case without prejudice.

### III. *Standard of Review*

This court reviews a district court's order dismissing an action pursuant to Rule 41(b) for failure to comply with a court order for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (dismissal with prejudice); *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (dismissal without prejudice).

### IV.  **Parrish's Contentions**

Parrish first attempts to appeal the *Parrish I* court's imposition of conditions upon the voluntary dismissal of that case, in particular the requirement that Parrish pay Ford's fees and costs of litigation in *Parrish I* before proceeding past the refiling stage of the same or a similar suit.  Parrish also asserts that it was an abuse of discretion for the *Parrish I* court to attach to its dismissal order Ford's affidavit regarding fees and costs.

Parrish then argues that it was an abuse of discretion for the district court in *Parrish II* to not conduct an analysis of what costs and fees may be due to Ford under the *Parrish I* voluntary dismissal order and to not provide Parrish with notice of the fees and costs due, particularly before ruling that Parrish failed to pay

the fees and costs due. Parrish argues that the district court was required to conduct a hearing or, at a minimum, review briefing and evidence presented by both parties and, on that basis, rule on the fees and costs due to Ford. Parrish argues that the district court then was required to notify him of the amount(s) due, if any. Parrish argues that some, if not all, of the work performed by Ford's counsel in *Parrish I* is reusable in *Parrish II*, and as such should not be part of any fees or costs due to Ford under the voluntary dismissal order of *Parrish I*.

Parrish also contends it was an abuse of discretion for the district court to, in essence, dismiss the action against Ford on the basis of Parrish's poverty, brought to the district court's attention through Parrish's filing of the motion to proceed *in forma pauperis*. According to Parrish, he "will be denied access to the Courts if not allowed to proceed in forma pauperis or . . . allowed to proceed and assess costs at the conclusion of the case." (Br. of Appellant at 8.)

Parrish lastly argues that it was an abuse of discretion for the district court to issue what amounts to a final adjudication on the merits, stating that the district court's dismissal of *Parrish II* effectively is a final order that prohibits Parrish from pursuing his case on the merits because it prohibits his refiling of the case under Georgia law. (*See id.* at 12 (citing O.C.G.A. §9-2-61).)

*V. Analysis*

8

A. Conditions on the *Parrish I* Voluntary Dismissal

"Ordinarily a plaintiff cannot appeal an order granting a voluntary dismissal without prejudice under *Rule 41(a)(2)*." *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004). Where a voluntary dismissal purportedly without prejudice contains a condition that amounts to legal prejudice to the plaintiff, however, that dismissal is appealable like a dismissal with prejudice. *Id.* (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).[2] The period for permissible appeals is statutorily time-limited. *See* 28 U.S.C. § 2107 (2000) (establishing 30 day period for appeal to courts of appeal in cases where neither the United States nor an agency or officer thereof is a party).

Thus, either the *Parrish I* voluntary dismissal was never appealable because it was a dismissal without prejudice, or the decision was appealable because it amounted to a dismissal with prejudice, but Parrish waived any appeal by failing to appeal within the statutorily-required time frame. In either case, we decline to review the *Parrish I* dismissal. Likewise, we will not consider the appropriateness

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of the *Parrish I* Court's attachment of Ford's affidavit regarding fees and costs to its Order.

B.  Determination of the Fees and Costs Due

The district court indicated in its February Order that if the parties did not agree on the fees and costs due to Ford, the court would resolve the issue and then give Parrish 20 days to pay.  (R. 10 at 1.)  In March, having not received further filings regarding the fees and costs from either party, the district court directed Parrish to explain why the fees and costs had not been paid and indicated that it would be appropriate for Ford to move for an immediate award of costs by the court.  (R. 8 at 2.)  Instead, Ford filed a motion to dismiss for Parrish's failure to pay the fees and costs due.[3]

The district court dismissed the case based on Parrish's inability to pay, summarily rejecting Parrish's assertion that costs for work conducted by Ford's counsel for the prior suit that could be used in the present, nearly identical suit, should be deducted from the amount he must pay Ford pursuant to the voluntary dismissal order.  *Parrish II*, 2008 WL 2944645, at *3-4 ("The Court also would be remiss if it did not pause to note Gregory[ Parrish]'s attempt to sneak an unspoken

---

[3]  This motion seemingly was unnecessary since the district court said in its February Order that it would consider Parrish's service upon Ford as a motion to dismiss by Ford.

10

amendment into the Court's Rule 41(a)(2) Order [in *Parrish I*]-that Ford be first required to show how much of its attorney work product (which figures into its attorney-fee claim) would be used in *this* litigation before Gregory is required to pay it as a precondition for continuing with his second suit here. That was *not* this Court's intent. Even if it was, however, it is clear that any Ford fee/cost allowance here would far exceed Gregory's ability to pay . . . .") . The district court never made an assessment of the fees and costs due to Ford and did not give Parrish an opportunity to pay these amounts after such an assessment. Although Parrish asserted a general inability to pay through his request to proceed *in forma pauperis*, the court also made no formal assessment of the validity of Parrish's claim of being indigent, and thus did not have actual knowledge of Parrish's ability or inability to pay.[4] Nor was Parrish given an opportunity to devise other means to pay assessed fees and costs, such as by securing a loan.

---

[4] The district court noted, however, that "granting Gregory [Parrish]'s [*in forma pauperis*] petition here would be futile" because, according to the district court, the fees and costs Parrish would not be required to pay if his motion to proceed *in forma pauperis* was granted do not include those due to Ford under the *Parrish I* voluntary dismissal. *See Parrish II*, 2008 WL 2944645, at *3. We do not opine on the district court's analysis in this regard. For reasons explained later in this opinion, however, Parrish's financial status is relevant to the district court's disposition of the fees and costs issue.

After reviewing the record and reading the parties' briefs, we conclude that the district court abused its discretion when it failed to assess the actual fees and costs due to Ford and failed to provide Parrish an opportunity to pay the assessed costs and fees before dismissing the case. Upon remand, we direct the district court to assess the fees and costs due to Ford with due consideration for this court's reasoning in *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986), where we stated: "Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." *McCants*, 781 F.2d at 860; *see also* 24 Am. Jur. 2d Dismissal § 53 ("An award of attorney's fees and other costs made as a condition to a voluntary dismissal should be limited to those expenses that will not benefit the defendant in subsequent, continuing, or pending litigation or otherwise provide a windfall to the defendant."). Upon the district court's determination of the fees and costs due to Ford, the court should follow the guidance we provide below regarding disposition of the fees and costs issue.

C. The *Parrish II* Dismissal

1. *Premature Dismissal*

12

Ford's motion to dismiss for failure to pay fees and costs in accordance with a court order was premature, as was the district court's grant of that motion. It is true that Parrish had not paid any fees or costs, but neither had the parties agreed on the fees or costs due, nor had the district court assessed the amounts owing. Consequently, there was no order with which Parrish failed to comply. Parrish did not proceed with *Parrish II* past the refiling stage except as expressly permitted by the district court, so Parrish did not violate the final order of *Parrish I*; it appears the parties negotiated in accordance with the district court's February Order; and Parrish provided the district court with an explanation of why he had not paid Ford in response to the court's demand in its March Order. The district court's February Order indicated that Parrish would have an opportunity to pay Ford's fees and costs after the district court assessed the fees and costs due and that only after Parrish's receipt of notice from the court and subsequent failure to pay would the district court dismiss under Federal Rule of Civil Procedure 41(b). (*See* R. 10 at 1.)

### 2. Dismissal with Prejudice

Parrish is correct that a dismissal without prejudice is tantamount to a dismissal with prejudice when the dismissal has the effect of precluding a party from refiling his claim due to the running of the statute of limitations. *See Burden*

*v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981). Although the district court noted that Parrish had "not willfully defied the Court's last Order [to pay costs and fees, and] so a 'with-prejudice' dismissal is not warranted here," the district court's order amounts to a dismissal with prejudice. We previously have stated that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The district court noted this limitation in its dismissal order. *See Parrish II*, 2008 WL 2944645, at *3 n.3 (citing *McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006)).

In addition, a Rule 41(a)(2) dismissal that imposes payment of costs as a precondition to refiling is tantamount to a dismissal with prejudice if the plaintiff is financially unable to pay the costs and fees. *Herring v. City of Whitehall*, 804 F.2d 464, 468 (8th Cir. 1986) (persuasive); *see also Ali v. City of Clearwater*, No. 93-3420 (11th Cir. Feb. 9, 1995) (unpublished). We do not review the decision of the court in *Parrish I* and do not opine as to Parrish's past or present financial status. To the extent that the district court in *Parrish II* had the ability to determine Parrish's actual financial status and had the discretion to issue another ruling that would prevent prejudice to Ford but not bar the courthouse doors to

14

Parrish, however, the district court should have exercised that discretion under this general principle.

The *Parrish I* voluntary dismissal order indicated only that "Ford is entitled to its attorney's fees and costs" and that the next court should "resolve[ any] fee/cost petition that Ford may file in response to Parrish's next Complaint." *Parrish I*, May 17, 2008 Or. 1. Thus, the district court in *Parrish II* could have resolved the fees and costs issue without dismissing the case in its entirety, which instead has effectively barred Parrish from pursuing his claim. For example, the district court could have determined the costs and fees due to Ford and then rendered a judgment against Parrish in that amount. *See Ali v. City of Clearwater*, 9 Fla. L. Weekly Fed. D. 473, 473, 1995 U.S. Dist. LEXIS 17869, at *4 (M.D. Fla. 1995) ("The Eleventh Circuit Court of Appeals remanded this case with a directive to consider the alternative sanction of reducing costs to judgment at the close of trial."); *see also Ali v. City of Clearwater*, No. 93-3420 (11th Cir. Feb. 9, 1995) (unpublished). Alternatively, the district court could have fully considered and ruled on Parrish's motion to proceed *in forma pauperis* and by doing so may have found Parrish able to pay Ford's fees and costs the court determined reasonable.

For these reasons and those noted above, we hold that it was an abuse of discretion for the district court to dismiss *Parrish II* for plaintiff's failure to

15

comply with a prior court order.  We remand for the district court to determine any fees and costs actually due Ford under the *Parrish I* voluntary dismissal order, rule on Parrish's motion to proceed *in forma pauperis*, and resolve the costs and fees issue in a manner that does not prejudice Ford or Parrish.

### VI.  Conclusion

The district court abused its discretion when it dismissed Parrish's case. Accordingly, we  vacate the district court's judgment of dismissal and remand this case for further proceedings consistent with this opinion.

**VACATED and REMANDED.**