[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13674
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80185-CV-AJ,
BKCY No. 06-12939-BKC-PC

In Re:  FREDERICK LETO

Debtor.

_____

FREDERICK LETO,

Plaintiff-Appellant,

versus

CINDY CUTRO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Leto challenges the district court's order affirming the bankruptcy court's denying him a discharge under 11 U.S.C. § 727(a)(2)(A). Leto contends that he is entitled to discharge because he did not have fraudulent intent when he transferred several pieces of real estate to a trust. He also contends that he is entitled to discharge because the transfers occurred more than one year before he filed his petition for bankruptcy. We affirm.

Under 11 U.S.C. § 727(a)(2), a debtor is not entitled to a discharge where the debtor transfers property of his estate within one year before filing his bankruptcy petition if the transfer is made "with the intent to hinder, delay, or defraud a creditor." 11 U.S.C. § 727(a)(2).

> To successfully object to a discharge under § 727(a)(A), a creditor must establish (1) that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted of transferring, removing, destroying, or concealing any of the debtors property.

In re Jennings, 533 F.3d 1333, 1339 (11th Cir. 2008)

Leto first contends that he did not have fraudulent intent when he transferred four pieces of real estate worth several million dollars into a trust because he did not conceal the transfers. The bankruptcy court was unpersuaded by that contention. It found that Leto transferred the property to the trust with the intent to

2

hinder, delay, or defraud his creditor Cindy Cutro. "We review for clear error the bankruptcy court's factual determination that a debtor intends to hinder, delay or defraud a creditor." Id. at 1338. Where, as here, the district court has affirmed the bankruptcy court's findings, "we will apply the clearly erroneous doctrine with particular rigor." In re Wines, 997 F.2d 852, 856 (11th Cir. 1993) (quotation and citation omitted).

There is ample evidence to support the bankruptcy court's and district court's determination. Cutro had obtained a $7,000,000 judgment against Leto in late 2005 based on the parties' former business relationship. From 2004 to 2005, Leto took steps to transfer millions of dollars worth of real estate into a trust, which, in his own words, would allow Leto to "own nothing" but "control everything." Those transactions reflect several of the "indicia of fraud" that we have identified in considering whether a debtor made a transfer with "actual intent to defraud his creditors." In re Jennings, 533 F.3d at 1339. For example, Leto transferred the property without receiving any compensation. He also retained possession and control of the property. Further, after transferring the property, he was left with only $820 in assets. Finally, he made the transfers while he was engaged in an ongoing business dispute with Cutro, during which she had threatened to file suit. Cutro eventually followed through on that threat, resulting

3

in a $7,000,000 judgment against Leto.  Based on those facts, the bankruptcy court did not clearly err in determining that Leto transferred the real estate with the intent to hinder, delay or defraud Cutro.

Leto also argues that he is entitled to a discharge because he made the transfers more than a year before he filed his bankruptcy petition.  Like the bankruptcy court and district court, we are unconvinced.  Florida law requires deeds transferring property to be signed in the presence of two subscribing witnesses.  See Fla. Stat. § 689.01.   The initial deeds of transfer for two of the four properties at issue failed to comply with that requirement.  Under Florida law, "a deed which lacks two subscribing witnesses is insufficient to convey title." American Gen. Equity, Inc. v. Countrywide Home Loans, Inc., 769 So. 2d 508, 509 (Fla. 5th DCA 2000).  Therefore, the defective deeds did not result in a transfer of the property.  Instead, the transfer became effective when Leto filed corrective deeds, which contained the required witnesses' signatures, in December of 2005.  Leto filed his bankruptcy petition in June 2006, less than one year after he transferred those two properties.  As the district court correctly noted, "once those two transfers qualify under § 727(a)(2)(A), challenges to the other two transfers become moot."

Leto transferred property within one year of his bankruptcy petition.  The

4

bankruptcy court found that Leto transferred the property with the intent to defraud, hinder, or delay Cutro. The bankruptcy court's denial of a discharge to Leto under § 727(a)(2)(A) was proper.

**AFFIRMED.**